## JOSEPH S. ALEMANY *v.* JAMES DALY AND MICHAEL HAWKINS.

POWER OF ATTORNEY TO SELL LAND.—A power of attorney which authorizes the attorney in fact to sell "the one half" of a lot of land, without saying which half, or whether the agent is to sell one half in severalty, or an undivided one half, empowers the agent to sell one half of the lot in severalty, exercising his own discretion as to which half.

CONVEYANCE, WITH CONDITIONS.—If the owner of land makes an absolute conveyance of the same, and afterward makes a conveyance to the grantee or his assign, loaded with conditions, the conditions cannot operate, for there is no estate remaining in the grantor upon which the conditions can take effect.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

On the 10th day of August, 1868, the plaintiff—the Roman Catholic Archbishop of San Francisco—of the first part, entered into a contract in writing with the defendants, by

which he agreed to sell them the lot of ground in dispute for the sum of five thousand dollars, and to make a good and sufficient conveyance thereof, assuring to them the fee simple, free from all incumbrance; and the defendants, in consideration thereof, agreed to pay him, on the 13th day of August, 1868, the sum of five thousand dollars. On the day last named the plaintiff tendered the deed.

The other facts are stated in the opinion of the Court.

*McCullough & Boyd*, for Appellants.

The power of attorney did not authorize O'Farrell to convey any distinct or divided portion of the lot. It authorized him "to sell the one half of Lot No. 23." What half? Naturally, the undivided half. It could be no other, if we are governed by the terms of the instrument.

The rule laid down by the authorities for the construction of powers of attorney, requires them to be confined to the simple meaning of the terms expressed, and not to be extended by implication. (*Johnston* v. *Wright*, 6 Cal. 375; *Blum* v. *Robertson*, 24 Cal. 128; Story on Agency, Sec. 68.)

This being so, Murphy had an estate to convey. He could, and did, annex a condition to the estate granted, which, if of force, created such a disability, the existence of which is alleged by appellants. (*Craig* v. *Wells*, 1 Kernan, 320, 322; 4 Kent's Com. 132, note.)

*Delos Lake*, and *R. F. Morrison*, for Respondent.

By the Court, SAWYER, C. J. :

This is an action to recover the price agreed to be paid by the defendants for a portion of the west half of One Hundred Vara Lot Number Twenty-three, in the one hundred vara survey of the City of San Francisco. The plaintiff tendered a deed in due form, in pursuance of the terms of the agreement, which the defendant declined to accept, on

the ground that the plaintiff was unable to make a good title. The plaintiff had judgment, and defendants appeal.

The facts upon which the question arises are as follows: On the 1st day of August, 1850, one Timothy Murphy was seized in fee of said One Hundred Vara Lot Number Twenty-three, holding a valid title thereto under an Alcalde grant. On that day he executed a power of attorney, in due form, whereby he authorized Jasper O'Farrell, as his attorney in fact, "to sell the *one half* of Lot Number Twenty-three, of the one hundred vara lots," etc. Assuming to act under this power of attorney, said O'Farrell, in the name of Murphy, and as his attorney in fact, in due form, on the 8th of August, 1850, conveyed to John Sullivan "the *west half* of Lot Number Twenty-three, as designated on the one hundred vara lots," etc., which west half includes the lot in question. On the 21st of August, 1851, by deed in due form, said Sullivan conveyed the said premises to the plaintiff, said O'Farrell joining in the deed. On the same day, also, said Timothy Murphy executed a deed to the plaintiff, conveying the same premises, but this latter conveyance was expressly subject to a condition, that the grantee and his assigns "shall and will at all times hereafter keep and use the hereby granted premises for the uses and purposes of a church of the Roman Catholic persuasion," etc., and should the property at any time be used or applied to any other purposes, then the grant to cease and determine, and the property revert to the grantor.

It is claimed that the power specifying "the *one half*," did not authorize the attorney to convey the *west* half of the lot, or any separate half in severalty, but only an undivided half of the whole lot; that the attorney, therefore, exceeded his power in assuming to convey the whole of the west half in severalty, and that his conveyance at best only operated to transfer an undivided half of the west half; that the subsequent conveyance by Murphy himself was subject to a condition which would be broken, and cause the property to revert to the grantor, Murphy, by the very act of convey-

ance from plaintiff to defendants; and for this reason they would not obtain a title.

The power of attorney says "the *one* half," without saying the *undivided* one half, or the *west* half, or the east half, or the north half, or the south half—in short, without saying which half. We think the fair and true construction is, that the particular half was left to the discretion of the agent. An estate in severalty is, certainly, ordinarily more advantageous and valuable to a party than an estate in common, and we see no good reason, when the matter is thus left open, why the agent should not be regarded as vested with authority to sell in such way as to render the transaction most advantageous to both parties. He was authorized to sell *one half* of the lot, and he sold *one half*, and *no more*. He was not in terms limited to any particular half, or to an undivided half of the whole. He would be much more likely to find a purchaser for, and the principal would be much more likely to desire to sell, the whole interest in one half of the lot, than an undivided half of the whole; and business men generally, would, at the first blush, be likely to understand from the terms of the power that the sale of the entire half of the whole lot was contemplated by the party making the power. Such a sale would ordinarily be most advantageous and most desirable to both seller and buyer. We do not think the agent exceeded his power. Upon the face of the papers alone, we think the title to the west half of Lot Number Twenty-three, passed from Murphy to Sullivan, and from Sullivan to plaintiff. No authority leading to a different conclusion has been brought to our notice by appellant's attorneys, and we now remember none. This view renders it unnecessary to examine the other questions, for at the time of the execution of the conveyance from Murphy to plaintiff, there was no estate remaining in him to convey upon which the condition could operate. We think the plaintiff can make a good title. The judgment must, there-

fore, be affirmed, and it is so ordered, and the remittitur directed to issue forthwith.

. Rhodes, J., dissenting.