### No. 2,230.

THOMAS A. TALBERT, APPELLANT, *v.* THOMAS K. STEWART AND R. COWNE, RESPONDENTS.

DEED BY ATTORNEY IN FACT.—ACKNOWLEDGMENT OF.—The acknowledgment of a deed which recites that "personally appeared before me, a Notary Public of said county, ————, by his attorney in fact, ————, known to me to be the person," etc., is sufficient as the acknowledgment of the attorney in fact.

APPEAL from the District Court of the Sixth District, Sacramento County.

This action was brought to recover judgment for the possession of two pieces or parcels of land in Sacramento County. Plaintiff deraigned title by regular mesne conveyances from John A. Sutter.

The Court having sustained defendants' objection to the introduction in evidence of a deed from Sutter, which plaintiff claimed was an indispensable link in his chain of title, plaintiff submitted to a nonsuit, on account of said ruling, for the purpose of appealing to this Court.

The other facts are stated in the opinion.

*John Heard,* for Appellant.

*Robert C. Clark,* for Respondent, Cowne.

*Coffroth & Spaulding,* for Respondent, Stewart.

RHODES, C. J., delivered the opinion of the Court, WALLACE, J., CROCKETT, J., and SPRAGUE, J., concurring:

The bill of exceptions shows that the plaintiff "offered in evidence the record of a deed from John A. Sutter, by his attorney in fact, John S. Fowler;" that "the defendants ob-

jected to the reading of said deed in evidence, upon the ground that there was no lawful evidence of the execution of said deed, and that it was not properly acknowledged. The certificate of acknowledgment is as follows, to wit:

"State of California, County of Sacramento. On the 22d day of October, A. D. 1850, personally appeared before me, a Notary Public in and for said county, John A. Sutter, by his attorney in fact, John S. Fowler, known to me to be the person who executed the within instrument of writing, who acknowledged to me that he signed, sealed and delivered the same as his voluntary act, and for the uses and purposes therein mentioned.

"In witness whereof, I have hereunto set my hand and private seal, having no notarial seal, the day and year above written.

"[SEAL.]                         JAMES C. ZABRISKIE,
                                           "Notary Public."

The deed to which the certificate of acknowledgment is attached is executed as follows, to-wit:

"JOHN A SUTTER, [Seal.]
"By his attorney, JOHN S. FOWLER."

The Court sustained the objection, and excluded the evidence.

This is not an objection that the authority of Fowler to execute the deed was not shown, but the objection relates to the acknowledgment alone. The acknowledgment is sufficient, as the acknowledgment of Fowler, the attorney in fact of Sutter.

Judgment reversed, and cause remanded.

TEMPLE, J., expressed no opinion.