McAdow, respondent, *v.* Black et al., appellants.

Mortgage — *Acknowledgment by attorney in fact.* — An acknowledgment of a mortgage by an attorney in fact, as follows: "Territory of Montana, *County of Gallatin* — ss.: Be it remembered that on this 23d day of April, 1878, personally appeared before me, the undersigned, notary public in and for said county and territory, L. M. Black, by Z. H. Daniels, one of his attorneys in fact, and who is personally known to me to be the person described in and who executed the foregoing mortgage, and who acknowledged to me that he had executed the same freely and voluntarily, for the uses and purposes therein set forth; in witness," etc., is a sufficient acknowledgment to entitle the deed to be recorded, under Code Montana.

Bona Fide Purchaser — *Purchase by judgment creditor.* — A purchase by the holder of a judgment in attachment proceedings, on a sale under his own judgment, is not a *bona fide* purchase, for a valuable consideration, entitling him to the protection of the registry laws, and such purchaser obtains only such an interest as the debtor had in the property at the time of the attachment.

Same — *Purchaser under quitclaim deed — Not bona fide.* — A purchaser who acquires his title by a quitclaim deed cannot be regarded as a *bona fide* purchaser without notice, but takes only such title as the grantor can lawfully convey.

## *Appeal from First District, Gallatin County.*

The acknowledgment of the mortgage held sufficient in the opinion below was in the words following:

"Territory of Montana, *County of Gallatin* — ss.: Be it remembered that on this 23d day of April, A. D. 1878, personally appeared before me, the undersigned, notary public in and for said county and territory, L. M. Black, by Z. H. Daniels, one of his attorneys in fact, and who is personally known to me to be the person described in and who executed the foregoing mortgage, and who acknowledged to me that he had executed the same freely and voluntarily, for the uses and purposes therein set forth.

"In witness whereof I have hereunto set my hand and affixed my official seal, on this 23d day of April, A. D. 1878.

[Seal]  "R. P. Vivion, Notary Public."

Sanders, Cullen & Sanders, for the appellants.

E. W. & J. K. Toole and Wm. Wallace, Jr., for the respondent.

Galbraith, J.   This is an appeal from a judgment and decree in favor of the respondent, and also from an order refusing a motion for a new trial.   Upon a verbal objection made to a portion of the record in this case, before its submission, we promised to determine, in the decision upon the merits, what portions of the record brought to this court are properly before us for review.   In addition to what is contemplated by the stipulation of the parties, and settled in a statement allowed by the court,—which are the notice of motion for a new trial; the pleadings as shown by the statement, which are the amended complaint, the amended separate answer of appellant Story, and the replication, the evidence, objections and exceptions contained in the report of the stenographer,— those other portions of the record which by statute form a part of the judgment roll will also be considered as being properly before the court.   R. S. div. 1, § 294, p. 95.   These are the original complaint in the action, separate answer of Leander M. Black, answer and cross-complaint of E. W. Toole, demurrer of appellant Story to the original complaint, and his demurrer to answer and cross-complaint of E. W. Toole, motion of Story to strike out parts of complaint, and his motion to strike out parts of answer of E. W. Toole.

The pleadings upon which the case was evidently tried were the amended complaint, the amended and separate answer of Story, and the replication.   The action, as indicated by these pleadings, was to foreclose a mortgage made by the appellant Black, through and by his attorney in fact, Z. H. Daniels, in favor of the respondent.   The mortgage upon the property described in the complaint was dated the 23d day of April, 1878, and was given to secure the payment of a certain promissory note for $1,386.17, due

sixty-seven days after date, with interest at the rate of twenty-four per cent. per annum until paid.

The answer of the appellant Story denies that Daniels was the authorized agent and attorney in fact of Black, "for the purpose of executing the note and mortgage in suit, or that he ever executed or delivered the same, or that any lien was thereby acquired, or that it was ever acknowledged or certified so as to entitle it to be recorded; and sets up ownership in fee-simple, and possession of the property in question, as against the mortgage of respondent." The answer also averred title in the appellant Story by deed from Black to Toole, and from Toole to appellant. The replication, in reply to the new matter set forth in the answer, alleged that Toole and Story, at the time of the respective conveyances to them, had knowledge of the mortgage of the respondent, and of his equities, by reason of which neither of them were *bona fide* purchasers of the property, and took it subject to the mortgage, and that both deeds were quitclaim deeds.

Upon the trial it appeared that the deeds from Black to Toole, and from Toole to Story, were quitclaim deeds, and were made subsequent to the mortgage; and also that appellant Story held a deed from the sheriff, made under a sale of the property, by virtue of a judgment rendered in favor of the appellant Story against Black. The judgment was obtained upon an attachment levied subsequent to the recordation of the mortgage. The evidence also showed that, before the making of the mortgage, Z. H. Daniels and one M. M. Black, who was a son of appellant Black, held a power of attorney from the grantor, Leander M. Black, authorizing them to collect rents, and to transact his general business in Montana territory; but not empowering them, or either of them, to mortgage or sell real estate. But a letter was written by Leander M. Black to Daniels, which being lost or destroyed, verbal evidence was allowed of its contents; and in relation to it, and other matters in the case, the jury made the following findings of fact, which

are supported by the evidence: "(1) Did said Leander M. Black, by a letter signed by him, direct said Daniels to raise said money to take up the tax deed, and secure the same on the property in question, or any of his property? *Answer.* Yes. (2) Did plaintiff sign a note of Black & Daniels, upon a promise and agreement by said Daniels that, if plaintiff had to pay it, he would secure him in pursuance of said letter? *A.* Yes. (3) Did said plaintiff pay said note, given to raise said moneys? If so, when? *A.* He did, in April, 1878. (4) Was the mortgage in suit given in pursuance of such agreement, and recorded and indexed, before defendant Story acquired any right, title, lien or claim on said property? *A.* Yes." The jury also found the following facts, which were also supported by the evidence: ". . . (9) Did said Story, prior to the purchase by him of the property described in the complaint, have information of the authority given by said letter, or of the payment of any debt by plaintiff for said Leander M. Black, or that said mortgage was executed by authority of said Leander M. Black to secure any indebtedness of said Leander M. Black to plaintiff? *A.* No. (10) Did said Story have any other information of said note and mortgage sued on in this action than that afforded by the alleged record of the same, and the record of the power of attorney from Leander M. Black to Black & Daniels, in the office of the recorder of the said county? . . . *A.* No; not to our knowledge." "(18) Had said Z. H. Daniels any other or further authority than said letter to execute said mortgage? *A.* No. (19) Was the execution of said letter acknowledged before an officer qualified under the law to take acknowledgments of deeds to real estate? *A.* No. Was the signature of said Black to said letter witnessed by attesting witnesses? *A.* No." There were other findings, and evidence from which there might have been further findings, but neither such findings or evidence was inconsistent with these findings.

As will be seen by reference to the case of *McAdow* v.

*Black*, 4 Mont. 475, this case has been before this court before, upon appeal from a judgment in favor of the appellant Story, and the judgment reversed for the reason that, upon the trial, the court refused to permit evidence, after having shown the loss of the letter, of its contents, offered for the purpose of showing the authority of Daniels to borrow the money of respondent, and the direction to him by L. M. Black "to execute the note and mortgage, and that he did so borrow the money and execute the mortgage, upon a letter of instructions to him to do so;" also that the court excluded his offer to show that "any and all rights of Story were acquired with a full knowledge of all the facts contained in the letter of instructions, as well as of the execution of the note and mortgage in pursuance of the same;" also that the note and mortgage were excluded. The ground for the exclusion of this evidence in the court below was because the letter, which was the foundation of the entire offer, did not comply with section 203 of the fifth division of the Revised Statutes, in relation to conveyances of real estate. This court, upon this question, held that it was not necessary, as between mortgagor and mortgagee, that the power of attorney, in pursuance of which the mortgage was made, should be certified, acknowledged and recorded as required by the foregoing statute, or that it should be under seal; and, if the mortgagee could enforce the mortgage against the mortgagor, it could be enforced against any one having full notice and knowledge of the rights and equities of the mortgagee, who was the respondent in that appeal. This is all that this decision determines, and to this extent we affirm it; but it does not necessarily determine, because it uses this language: "An execution creditor, with notice, takes the property subject to any lien or equity that might be enforced against the judgment debtor,"— that the converse of this proposition is also true: that "an execution creditor" without "notice" does not take "the property subject to any lien or equity that might be enforced against the judgment debtor."

This appeal is not determined by the decision in the former appeal, and the question for our determination now is whether or not, under the facts of this case, a prior mortgage, made in good faith and for a valuable consideration, is valid as against one claiming the property by virtue of a sheriff's deed, made in pursuance of his own attachment and judgment, and by subsequent quitclaim deeds thereto. The mortgage was signed by an agent or attorney in fact, whose power was a letter addressed to him, and signed by the mortgagor. This letter was not under seal, nor acknowledged, nor were there subscribing witnesses to the signature; but the question of the want of a seal, and of an acknowledgment, was determined upon the former appeal. As we have seen, it was there held that neither a seal nor acknowledgment was necessary to its validity. Neither was it necessary to the validity of this letter, as a power of attorney, that it should have subscribing witnesses. It satisfied the statute of frauds as such an instrument when it was in writing and signed by the party to be affected by it. One of the findings of the jury, as to the contents of this letter, was, in substance, that it directed Daniels to raise certain money, and secure it on this or any other of his property. The mortgage was given, as the jury found the letter to have directed, upon the property in question. But even if the letter had only directed the security to be given upon any of his property, we think this general designation would have been sufficient. This doctrine is supported by the following authorities: *Marr* v. *Given*, 39 Amer. Dec. 600; *Fay* v. *Winchester*, 4 Metc. 513; *Alemany* v. *Daly*, 36 Cal. 90; *Roper* v. *McFadden*, 48 Cal. 347; *Bronson* v. *Coffin*, 118 Mass. 156.

We think that the language of this finding sufficiently indicates that it was the intention of the author of the letter to constitute Daniels his authorized agent to secure the payment of the money upon the property in question. The letter contained the authority to make the mortgage. It satisfied the statute of frauds, and its loss was sufficiently

established to authorize verbal proof of its contents. A sufficient power of attorney to make the mortgage was therefore established.

The only objection to the mortgage itself is that it was not properly acknowledged. Our form of acknowledgment of conveyances is the same as that of California, and the acknowledgment of this mortgage is almost identical with that of the mortgage given in the case of *Talbert* v. *Stewart*, 39 Cal. 602, and which was held sufficient by the supreme court of that state. The mortgage was therefore entitled to be recorded; it was recorded, and was constructive notice. The appellant testified also, upon the trial, that his attorney, before his purchase of the property, had informed him of this mortgage and its recordation. The mortgage was legal and valid upon its face.

The attachment and the judgment under which the sheriff's sale was made, and, of course, the sheriff's deed in pursuance thereof, were subsequent to this mortgage. Such a purchaser is not a *bona fide* purchaser for a valuable consideration, so as to entitle him to notice of antecedent rights and equities capable of being enforced against the judgment debtor. The rule of *caveat emptor* applies to such a purchaser, and he obtains by the sale only such an interest as the debtor had in the property at best, at the time of the attachment. In *Chumasero* v. *Vial*, 3 Mont. 376, this court said: "If Vial had no interest in the property in controversy at the date of the levy of the execution in favor of Peck, the sheriff could not sell and convey any estate to the appellants." The rule of *caveat emptor* applies to execution sales and the "officer is not bound to convey with a warranty, neither does the law imply one." Ror. Jud. Sales, 29, and cases there cited. "This doctrine will apply still stronger in a case where the attachment, the judgment and the sheriff's deed were subsequent to the mortgage. And so, where, at an execution sale, the creditor was the purchaser, and the amount for which the purchase was made was credited on his judgment, it was held that he was not a purchaser for a

valuable consideration, and was not entitled to the protection of the registry laws." Wade, Notice (2d ed.), 228. And in a note to this section, referring to *Richardson* v. *Wicker*, 71 N. C. 278, we find the following: "In general, a purchaser at an execution sale is affected with notice of all the infirmities in the title of the judgment debtor."

The respondent is in no better situation by virtue of his quitclaim deed. The supreme court of the United States has declared that a purchaser under quitclaim deed is not a *bona fide* purchaser for a valuable consideration. The grantee in such a deed takes only what the grantor can legally convey, which in this case is the property in question subject to the mortgage of the respondent. In the case of *May* v. *Le Claire*, 11 Wall. 217, the supreme court of the United States, Mr. Justice Swayne delivering the opinion of the court, and speaking on this subject, says: "On the 27th of July, 1859, Dessaint conveyed by a deed of quitclaim to Ebenezer Cook. The evidence satisfies us that Cook had full notice of the·frauds of Powers, and of the infirmities of Dessaint's title. Whether this were so or not, having acquired his title by a quitclaim deed, he cannot be regarded as a *bona fide* purchaser without notice. In such cases the conveyance passes the title as the grantor held it, and the grantee takes only what the grantor could lawfully convey." The mortgage was valid as against both the sheriff's deed and the quitclaim deed.

The record shows several objections to the admission and refusal of evidence upon the trial, made by the appellants, but in most of these the point of the objection is not specifically stated, as required by the statute; and, where it has been set forth, it was properly ruled upon by the court, or if error, it was not prejudicial. There were objections to the giving and refusal to give certain instructions; but it is not necessary to consider them, for they relate to the general verdict, and would not vary or affect the special findings, and it is upon the special findings that we arrive at the determination of this case.

The special findings support the general verdict, which was for the respondent.

The judgment is affirmed, with costs.

*Judgment affirmed.*

WADE, C. J., and BACH, J., concur.