## Samuel M. Johnson v. D. H. Williams.

Quitclaim Deed—*Holder, How not a Bona Fide Purchaser.* A person who holds real estate by virtue of a quitclaim deed only from his immediate grantor, whether he is purchaser or not, is not a *bona fide* purchaser with respect to outstanding and adverse equities and interests shown by the records, or which are discoverable by the exercise of reasonable diligence in making proper examinations and inquiries.

### *Error from Elk District Court.*

Ejectment, brought by *Williams* against *Johnson,* to recover certain land in Elk county. Judgment for plaintiff, at the May Term, 1885. The defendant brings the case here. The opinion states the material facts.

*Bowen & Kirkpatrick,* for plaintiff in error.

*Scott & Frith,* for defendant in error.

The opinion of the court was delivered by

Valentine, J.: This was an action in the nature of ejectment, brought by D. H. Williams against Samuel M. Johnson for the recovery of certain real estate in Elk county. The record clearly shows that Williams is the legal owner of the land in controversy, unless his title thereto has been divested by a certain tax deed and other proceedings founded thereon, which will be hereafter mentioned. On September 17, 1881, the aforesaid tax deed was executed by the county clerk of Elk county to Anna Eby, and was recorded on September 20, 1881. On said day, Anna Eby executed a quitclaim deed for the land to Lark Vinson, which deed was recorded on December 10, 1881. On September 26, 1881, Vinson commenced an action in the district court of Elk county against the said defendant, D. H. Williams, and others, to quiet his title to the property in controversy, and obtained service of summons by publication only. On December 8, 1881, a judgment was rendered in that action, quieting Vinson's title as against all the defendants in that action. On December 10, 1881, Vinson exe-

cuted a quitclaim deed for the property to Richard M. Roe, which deed was recorded on December 19, 1881. On July 22, 1882, said Roe by his quitclaim deed remised, released and quitclaimed unto Samuel M. Johnson, the plaintiff in error, defendant below, all his right, title and interest in and to the land, which deed was duly recorded on July 25, 1882. On October 12, 1882, Williams filed his motion in the district court of Elk county to open up said judgment under § 77 of the civil code; and such proceedings were had that on November 8, 1883, the motion was sustained and Williams permitted to defend in the action. On March 7, 1884, a trial was had in the action, and judgment was rendered in favor of Williams and against Vinson, decreeing Williams to be the owner in fee simple of the land, and quieting his title as against Vinson and all persons claiming under him. This present action of ejectment was commenced on August 8, 1884, and was tried before the court without a jury, and judgment was rendered in favor of Williams and against Johnson for the recovery of the land and for costs. Johnson brings the case to this court for review.

It is admitted that Johnson in purchasing the property paid value therefor, and at the time had no knowledge of the claim of Williams; or, in other words, it is admitted that Johnson was "*a purchaser in good faith*" of the property, provided a purchaser taking a *quitclaim deed* for the property can be "a purchaser in good faith." In this state a quitclaim deed to land will convey to the grantee all the rights, interests, title and estate of the grantor in and to the land, unless otherwise specified by the deed itself. (Conveyance Act, § 2; *Utley v. Fee*, 33 Kas. 683, 691.) Such deed will convey such of the covenants of former grantors as run with the land. (*Scoffins v. Grandstaff*, 12 Kas. 467.) And the grantee in a quitclaim deed will be entitled to such further title or estate as may inure at any time to the grantees of such former grantors by virtue of such covenants as run with the land. (See case last cited.) But a quitclaim deed will not estop the maker thereof from afterward purchasing or acquiring an adverse

title or interest, and holding it as against his grantee. (*Simpson v. Greeley*, 8 Kas. 586, 597, 598; *Bruce v. Luke*, 9 id. 201, 207, *et seq.; Scoffins v. Grandstaff*, 12 id. 469, 470; *Young v. Clippinger*, 14 id. 148, 150; *Ott v. Sprague*, 27 id. 624.) And a person who holds only by virtue of a quitclaim deed from his immediate grantor, whether he is a purchaser or not, is not a *bona fide* purchaser. (*Bayer v. Cockerill*, 3 Kas. 283, 294; *Oliver v. Piatt*, 44 U. S. 333, 410; *May v. LeClaire*, 78 id. 217, 232; *Villa v. Rodriguez*, 79 id. 323; *Dickerson v. Colgrove*, 100 id. 578, 584; *Baker v. Humphrey*, 101 id. 494, 499; *Runyon v. Smith*, 18 Fed. Rep. 579; *United States v. Sliney*, 21 id. 895; *Watson v. Phelps*, 40. Iowa, 482; *Smith v. Dunton*, 42 id. 48; *Besore v. Dosh*, 43 id. 211, 212; *Springer v. Bartle*, 46 id. 688; *Pastel v. Palmer*, [Sup. Ct. of Iowa,] 32 N. W. Rep. 257; *Bragg v. Paulk*, 42 Me. 517; *Coe v. Persons Unknown*, 43 id. 432; *Ridgeway, v. Holliday*, 59 Mo. 444; *Stoffel v. Schroeder*, 62 id. 147; *Mann v. Best*, 62 id. 491; *Rodgers v. Burchard*, 34 Tex. 441, 452; *Harrison v. Boring*, 44 id. 255; *Thorn v. Newsom*, 64 id. 161; *Richardson v. Levi*, [Sup. Ct. of Tex.,] 3 S. W. Rep. 444; *Smith's Heirs v. Branch Bank of Mobile*, 21 Ala., 125, 134; *Derrick v. Brown*, 66 id., 162; *Everest v. Ferris*, 16 Minn. 26; *Marshall v. Roberts*, 18 id. 405; *Woodfolk v. Blount*, 3 Hayw. [Tenn.] 146; *Smith v. Winston*, 3 Miss. 601; *Kerr v. Freeman*, 33 id. 292, 296; *Learned v. Corley*, 43 id. 688; *Leland v. Isenbeck*, 1 Idaho, 469; *Baker v. Woodward*, 12 Ore. 3, 10; same case, 6 Pac. Rep. 174, 178; *Richards v. Snyder*, 11 Ore. 511; same case, 6 Pac. Rep. 186; *Snowden v. Tyler*, [Sup. Ct. of Neb.] 31 N. W. Rep. 661, 668; *McAdow v. Black*, 6 Mont. 601; same case, 13 Pac. Rep. 377, 380, 381; *Martin v. Morris*, 62 Wis. 418; same case, 22 N. W. Rep. 525; *Laurens v. Anderson*, [Tex.] 1 S. W. Rep. 379; *Dodge v. Briggs*, 27 Fed. Rep. 160; *Peaks v. Blethen*, [Me.] 1 Atl. Rep. 451.) It may be that with reference to some equities or interests in real estate, the purchaser who holds only under a quitclaim deed may be deemed to be a *bona fide* purchaser; for equities and interests in real estate may

sometimes be latent, hidden, secret and concealed, and not only unknown to the purchaser, but undiscoverable by the exercise of any ordinary or reasonable degree of diligence. It is possible also that a purchaser taking a quitclaim deed may under the registry laws be considered a *bona fide* purchaser with reference to a prior unrecorded deed with respect to which he has no notice nor any reasonable means of obtaining notice. ( *Bradbury v. Davis*, 5 Col. 265; *Butterfield v. Smith*, 11 Ill. 485; *Brown v. Banner Coal and Coal Oil Co.*, 97 id. 214; *Fox v. Hall*, 74 Mo. 315; *Graff v. Middleton*, 43 Cal. 341; *Pettingill v. Devin*, 35 Iowa, 344. But, *contra*, see *Thorn v. Newsom*, 64 Tex. 161; same case, 53 Am. Rep. 747, and note; *Pastel v. Palmer*, supra.)

We would think that in all cases, however, where a purchaser takes a quitclaim deed he must be presumed to take it with notice of all outstanding equities and interests of which he could by the exercise of any reasonable diligence obtain notice from an examination of all the records affecting the title to the property, and from all inquiries which he might make of persons in the possession of the property, or of persons paying taxes thereon, or of any person who might, from any record or from any knowledge which the purchaser might have, seemingly have some interest in the property. In nearly all cases between individuals where land is sold or conveyed, and where there is no doubt about the title, a general warranty deed is given; and it is only in cases where there is a doubt concerning the title that only a quitclaim deed is given or received; hence, when a party takes a quitclaim deed, he knows he is taking a doubtful title and is put upon inquiry as to the title. The very form of the deed indicates to him that the grantor has doubts concerning the title; and the deed itself is notice to him that he is getting only a doubtful title. Also, as a quitclaim deed can never of itself subject the maker thereof to any liability, such deeds may be executed recklessly, and by persons who have no real claim and scarcely a shadow of claim to the lands for which the deeds are given; and the deeds may be executed for a merely nominal consideration, and

merely to enable speculators in doubtful titles to harass and annoy the real owners of the land; and speculators in doubtful titles are always ready to pay some trifling or nominal consideration to obtain a quitclaim deed. This kind of thing should not be encouraged. Speculators in doubtful titles are not so preëminently unselfish, altruistic, or philanthropic in their dealings with others as to be entitled to any very high degree of encouragement from any source. There are cases which are claimed to be adverse to the opinions herein expressed. They will be found cited in Martindale on Conveyancing, §§ 59 and 285, and notes, and 12 Cent. L. J. 127.

Not wishing to decide anything further in this case than is necessary to be decided, our decision will be as follows: A person who holds real estate by virtue of a quitclaim deed only from his immediate grantor, whether he is a purchaser or not, is not a *bona fide* purchaser with respect to outstanding and adverse equities and interests shown by the records or which are discoverable by the exercise of reasonable diligence in making proper examinations and inquiries.

*Quitclaim deed —holder, how not a bona fide purchaser.*

The judgment of the court below will be affirmed.

All the Justices concurring.