## HARRY E. KELLY v. ELLA P. McBLAINE.
### No. 390.

QUITCLAIM DEED—*purchaser by, is not purchaser in good faith.*
A purchaser of real estate, conveyed to him by quitclaim deed, is
not a "purchaser in good faith" so that his title will be protected
by the provisions of section 77 of the Civil Code.

Error from Coffey District Court. Hon. Charles B.
Graves, Judge. Opinion filed November 11, 1897. *Reversed.*

*H. C. Mechem*, for plaintiff in error.

*L. B. Kellogg* and *T. N. Sedgwick*, for defendant in
error.

DENNISON, P. J. At the trial of this action in the
District Court of Coffey County, Kansas, on Septem-

524     KELLY v. McBLAINE.

S. Dept.          Opinion.   Dennison, P. J.          6 Kan. App.

ber 5, 1891, the court made findings of facts and conclusions of law as follows:

### FINDINGS OF FACT.

"1. On July 26, 1879, Coffey County, Kansas, conveyed the land in controversy by tax deed of that date to one C. S. Kinderdine. Said tax deed was duly recorded, July 29, 1879. Said deed was founded on the tax sale of 1875 and for the tax of 1874.

"2. May 28, 1883, said Kinderdine sold and conveyed said land to the plaintiff, for value, which conveyance was duly recorded, May 29, 1883. The plaintiff immediately thereafter took possession of said land by hauling thereon ten loads of stone, with which he intended to construct a foundation for a dwelling-house, and by breaking a helge row one rod wide around said land.

"3. May 30, 1883, plaintiff began this suit to quiet his title to said land, and gave notice to the defendant by publication. The defendant then was, and ever since has been, a nonresident of the State of Kansas. On July 14, 1883, the plaintiff obtained a decree against the defendant, quieting his title to said land. The defendant did not appear in said suit but made default.

"4. July 16, 1883, the plaintiff sold and conveyed said land to one A. T. McGinnis for the sum of four hundred dollars. Said land has ever since been in the possession of the plaintiff's grantees. Said McGinnis purchased said land of the plaintiff in good faith, relying upon the regularity and legality of the record as it then existed. The land when sold by the plaintiff was reasonably worth the sum of $640.

"5. July 6, 1886, by appropriate proceedings theretofore had under the statute, the defendant obtained an order opening the decree and permitting said defendant to appear and make defense. Afterwards, the pleadings were amended and the cause continued from time to time until April 23, 1891, when it was tried and submitted to the court upon the original petition filed May 30, 1883, the amended answer filed

KELLY v. McBLAINE.                    525

Nov. 11, 1897.      Opinion.  Dennison, P. J.           E. Div.

December 1, 1886, and the amended reply filed April 23, 1891.

" 6. The defendant has a connected and continuous chain of conveyances of said land from the United States to herself. The title thus evidenced has been in her ever since 1873 and longer.

" 7. The plaintiff's claim of title rests upon the tax deed which is mentioned in the first conclusion of fact herein. The record of said tax deed was placed in evidence instead of the original. From said record said deed appeared to have been acknowledged before the probate judge, but no official seal of said officer appeared from said record. The time fixed in the final redemption notice for the redemption of the land in controversy was less that three years from the date of sale.

### CONCLUSION OF LAW.

"The defendant is entitled to a judgment for the value of the land in controversy, to wit: $640 and costs."

The plaintiff in error contends that the fourth finding of fact is not sustained by the evidence. The undisputed evidence is that on July 16, 1883, the plaintiff in error, in consideration of the sum of four hundred dollars, executed and delivered to A. T. McGinnis a quitclaim deed.

This finding becomes material from the fact that the amended answer of the defendant sets up the conveyance from Kelly, and then asks that the defendant, Ella P. McBlaine, be adjudged to be the legal and equitable owner and entitled to the immediate possession of the lands in controversy, and that, in case a recovery cannot be had from the plaintiff, she recover of and from him the value of the same.

It must be remembered that the tax deed is voidable. The decree quieting title will cure the defects in the tax deed unless the decree is opened up and set

526      KELLY v. McBLAINE.

S. Dept.      Opinion.   Dennison, P. J.      6 Kan. App.

aside under section 77 of the Civil Code. If the conveyance from Kelly to McGinnis had been a warranty deed, then McGinnis would have been a purchaser "in good faith," and his title protected by section 77, *supra*. The conveyance was a quitclaim deed, and McGinnis was not a purchaser "in good faith" with respect to outstanding and adverse equities and interests shown by the records, or which are discoverable by the exercise of reasonable diligence in making proper examinations and inquiries. See *Johnson v. Williams*, 37 Kan. 179.

An examination of the records of the district court where the decree upon which he is relying was rendered, would have apprised McGinnis of the fact that Mrs. McBlaine claimed some interest in the lands adverse to Kelly; and would have also apprised him of the fact that the service was by publication, and that Mrs. McBlaine would have nearly three years in which to appear and attempt to have the decree set aside and judgment rendered in her favor; and she — as counsel for plaintiff in error argues in his brief — "having done so, could maintain ejectment against Kelly or any other possessor of it — the land — whose rights were no better than Kelly's."

The fact that this conveyance was a quitclaim deed, taken in connection with the other findings of fact made by the court, clearly shows that an erroneous judgment was rendered in this case, and it must be set aside. It was also clearly the duty of the court to render judgment in favor of the defendant in error, decreeing that she was the legal and equitable owner of the land in controversy. The other assignments of error become immaterial by reason of our conclusions upon the point already decided.

The judgment of the District Court is reversed, and

the cause remanded with instruction to render judg-
ment in favor of the defendant, Ella P. McBlaine,
and against the plaintiff, Harry E. Kelly, decreeing
that she is the legal and equitable owner of the land
in controversy.