EMMA B. FOUNTAIN v. J. F. KENNEY.

No. 14,204. (81 Pac. 179.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*Quitclaim Deed—Notice of Fraud.* When a purchaser of real estate accepts a quitclaim deed from a vendee in possession under a recorded warranty deed, after examining the records, which did not indicate any equity in the grantor of his vendor, and after inquiring of the notary who took the acknowledgment of the deed, and the witness to the signatures, both of whom informed him that the transaction, so far as they knew or could discover, was in good faith, and he has no information that would lead him to suppose that there is any equity remaining in such grantor, he takes the title free from any equity in the grantor of his vendor based on the claim that the title and possession of the property were obtained by fraud.

Error from Lyon district court; CHARLES A. SMART, judge, *pro tem.* Opinion filed June 10, 1905. Affirmed.

STATEMENT.

THE defendant in error, J. F. Kenney, was the owner of a second mortgage on an undivided half-interest in real estate the title to which is the cause of the present controversy. On November 18, 1899, he brought suit to foreclose his lien and made parties defendant the holder of the first mortgage, which covered all the property, and the holders of all other interests as shown by the record. At that time the legal title was in C. D. Flint and E. P. Smith, under a warranty deed executed by plaintiff in error, dated and recorded November 14, 1899, and they were in possession. On February 2, 1900, defendant in error, Kenney, purchased the property from Flint and Smith, under a quitclaim deed. On May 1, 1900, the plaintiff in error was permitted to file an interplea in the foreclosure suit, in which she asserted that Flint and Smith had procured the warranty deed and possession of the property from her by false and fraudulent misrepresentations and without consideration, and that the title of defendant in error, Kenney, was by quitclaim deed from Flint and Smith. She asked that her warranty deed to them be set aside, that their quitclaim deed to J. F. Kenney be set aside, and that she be declared the owner and holder of the legal title.

The court, among others, made the following findings of fact, and rendered judgment for defendant in error:

"(2) On the 14th day of November, 1899, the said defendant, by deed of general warranty reciting a consideration of $100, conveyed the said real estate, with all appurtenances thereunto belonging, to C. D. Flint and E. P. Smith, of Chicago, which deed was duly recorded in the office of the register of deeds of Lyon county on the 14th day of November, 1899. At the time of the execution and delivery of said deed the said defendant transferred to the said Flint and Smith, by bill of sale, certain personal property belonging to the said ice plant but not covered by said

mortgages. Immediately upon the delivery of said deed by the said defendant to Flint and Smith they took possession of said real estate and ice plant by employing the engineer who had theretofore had charge of the plant for the said defendant, and placing him in immediate charge of said real estate. The possession thus taken was with the consent of the interpleader, Emma B. Fountain.

"(3) The said conveyance from the said interpleader to Flint and Smith was procured by them from said interpleader by fraud practiced upon her by them, and she received no consideration of any kind or character, either for this conveyance or the bill of sale above referred to.

"(4) Soon after the conveyance from the said interpleader to Flint and Smith the plaintiff, Kenney, learned of the same. He at once visited the office of the register of deeds and read the record of the deed. From there he went to the office of the notary public before whom such deed was acknowledged, and made general inquiry as to who these parties were, and he learned from the notary that the deed had been acknowledged before him, and that the conveyance seemed to be all right as far the notary could observe. He then went to the office of one H. L. Dwelle, a real-estate agent in Emporia, who had witnessed the execution of said deed, and in whose hands Flint and Smith had placed this property for sale immediately upon receiving the conveyance, and inquired of said Dwelle as to the transaction, and learned from him substantially what he had learned from the notary public, and he got the opinion from Dwelle that he believed the conveyance was all right and that the parties would take care of the mortgages. He did not learn from Dwelle that the property had been placed in his hands for sale. At the time of these investigations the plaintiff believed the property to be worth at least $1900 above the first mortgage. He made no inquiry of the said interpleader. I gather from the evidence, however, that the relations between the plaintiff and the said interpleader at that time were somewhat strained. After consulting with Mr. Dwelle the plaintiff went to the plant on the real estate in question and there found the party in possession who was placed there by Flint and Smith, and was in-

formed by said party that he was holding possession for Flint and Smith.  He made no other interrogations.  .  .  .

"(7) In the purchase of this property by the plaintiff he acted in good faith, so far as one can be said to act in good faith when he accepts a conveyance of the character above stated, and had no notice or knowledge of any equities in favor of the defendant, and he used reasonable diligence in making examination of the records, and in pursuit of such inquiries as were reasonably suggested by an examination of the records."

*Allen & Allen,* for plaintiff in error.

*Charles B. Graves,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.:  The contentions of the plaintiff in error are that inasmuch as Flint and Smith acquired the warranty deed and possession of the property from her under false and fraudulent misrepresentations and without consideration she still holds the equitable title, and that, as between her and them, the deed should have been set aside; that defendant in error, J. F. Kenney, took only the equities held by Flint and Smith, and, therefore, that the deed from them to him should have been declared void.

It is forcefully argued by counsel for plaintiff in error that a purchaser under a quitclaim deed can never be a *bona fide* purchaser as to any person owning an equity in the property, and, therefore, that whatever claim their client could have urged against the title of Flint and Smith in a suit against them to set aside her deed might have been relied on in this proceeding, as against their grantee by quitclaim deed. There are many outstanding equities to which the title of a quitclaim deed is subject, but it cannot be so declared of all such equities, in whomsoever they may exist.  It might be found that equities exist in certain persons but their acts and course of conduct have been

such that it would be unconscionable to enforce such rights against one holding in good faith by quitclaim deed. The determination of what equities are prior in right to the holder of the real estate under a quitclaim deed and whether they are held by persons in whose favor they should be enforced depends entirely upon the facts of each case.

The rights of parties holding real estate under quitclaim deeds, as against outstanding equities, have been considered by this court in the cases of *Johnson v. Williams,* 37 Kan. 179, 14 Pac. 537, 1 Am. St. Rep. 243, and *Merrill v. Hutchinson,* 45 id. 59, 25 Pac. 215, 23 Am. St. Rep. 713. In the case of *Johnson v. Williams, supra,* it was said:

"It may be that, with reference to some equities or interests in real estate, the purchaser who holds only under a quitclaim deed may be deemed to be a *bona fide* purchaser; for equities and interests in real estate may sometimes be latent, hidden, secret, and concealed, and not only unknown to the purchaser, but undiscoverable by the exercise of any ordinary or reasonable degree of diligence. . . .

"We would think that in all cases, however, where a purchaser takes a quitclaim deed he must be presumed to take it with notice of all outstanding equities and interests of which he could by the exercise of any reasonable diligence obtain notice from an examination of all the records affecting the title to the property, and from all inquiries which he might make of persons in the possession of the property, or of persons paying taxes thereon, or any person who might, from any record or from any knowledge which the purchaser might have, seemingly have some interest in the property. . . .

"A person who holds real estate by virtue of a quitclaim deed only from his immediate grantor, whether he is a purchaser or not, is not a *bona fide* purchaser with respect to outstanding and adverse equities and interests shown by the records or which are discoverable by the exercise of reasonable diligence in making proper examinations and inquiries." (Pages 181-183.)

The rule there laid down was followed in *Merrill v.*

*Hutchinson, supra.* In this state the law is well settled against the contention that the title of the holder of real estate by quitclaim deed is subject to all outstanding equities.

Before the defendant in error purchased he examined the warranty deed which plaintiff in error executed. He applied to the notary public who took the acknowledgment of the deed and to the real-estate agent who witnessed its execution, both of whom assured him that, so far as their knowledge extended, the transaction was genuine and in good faith. He visited the property and found the grantees in possession and operating the plant. The diligence thus exercised by the defendant in error to discover outstanding equities was, in so far as plaintiff in error is concerned, within the rule of the above authorities and sufficient to protect his title against the claim of the plaintiff in error. The record not only failed to contain anything from which it could be ascertained that a possible equity remained in plaintiff in error, but the warranty deed was a solemn declaration that she did not claim any equities therein.

It is doubtful whether the principle attempted to be invoked by the plaintiff in error is applicable to the facts. Even admitting her extreme contention, that the title of the holder of real estate under a quitclaim deed is subject to all outstanding equities under all circumstances, yet it is not certain that she is in a position to invoke that rule. Might not the defendant in error rely on her solemn declaration in the deed that she did not have any interest in the property, together with the possession of her grantees, and safely invest his money? Should she not be estopped from claiming any equity against him?

For the reasons first assigned the judgment is affirmed.

All the Justices concurring.