A. R. LASLEY, *Appellant,* v. L. M. STOUT et al. (MYRTLE M. WELFLEY et al., *Appellees*).

No. 18,263.

#### SYLLABUS BY THE COURT.

1. EQUITABLE TITLE—*Contract of Purchase Fully Performed—Possession Taken.* The title of a vendee of real estate who has fully performed the contract of purchase and taken and held possession for many years, and paid all taxes upon the property, is a complete equitable title.

2. QUITCLAIM DEED—*Former Purchaser in Possession—Notice of Outstanding Equities..* One who takes a quitclaim deed from the vendor of real estate many years after the vendee has performed the contract, without inquiry or examination concerning outstanding equities, is in no better position respecting the title than his grantor.

3. TAXES—*Payment—Notice of Interest in the Land.* The fact that a party pays taxes upon real estate is evidence that he claims some interest in the property, which should lead one taking a quitclaim deed therefor to inquire concerning his rights.

Appeal from Scott district court; CHARLES E. LOBDELL, judge. Opinion filed November 8, 1913. Reversed.

*J. S. Simmons,* and *Ray H. Tinder,* both of Hutchinson, for the appellant.

*E. P. Rochester,* of Scott City, and *W. H. Russell,* of La Crosse, for the appellees.

The opinion of the court was delivered by

BENSON, J.: In this action to quiet title to a lot in Scott City it appeared that the Scott City Town Company entered into a contract with Cornelia C. Orr, in March, 1886, to convey to her the lot in question in consideration of her building a dwelling thereon of the kind and dimensions described in the agreement. It was agreed that the building should be commenced within thirty days and completed within sixty days,

and that the conveyance should be made within two years from the date of the contract. If the building should be removed within two years the title was to revert to the town company. The plaintiff is the grantee of Cornelia C. Orr.

The answer contained a general denial, allegation of title in the defendants, and a counter claim to quiet that title.

The court made the following findings:

"First. That the contract of gift or sale was made by the Scott City Town Company to Cornelia C. Orr to the lot in controversy as claimed by the plaintiff, and that Cornelia C. Orr erected a building on said lot within the time and substantially in accordance to the terms of the contract.

"Second. That such building remained upon the lot for more than two years and until about the year 1896 or 1897, when it was removed therefrom and the lot became unoccupied and so remained for a period of ten years or more, and was so vacant and unoccupied in January, 1906.

"Third. That Cornelia C. Orr paid the taxes on the land from the time of the erection of the building until 1905, inclusive.

"Fourth. That in January, 1906, D. F. Hall, as president, and F. A. Parsons, as secretary, of the Scott City Town Company, executed a quitclaim deed to the defendant, Myrtle M. Welfley, to the lot in controversy, and that such deed was for a consideration of $10.

"Fifth. That at the time of receiving such deed and paying therefor, Myrtle M. Welfley had no notice of the equity or rights of Cornelia C. Orr to the property in question.

"Sixth. That at the time of such purchase said Myrtle M. Welfley had neither actual or constructive notice of the interests of Cornelia C. Orr, nor was there in the condition of the lot in controversy anything to suggest an adverse claim.

"Seventh. That said Myrtle Welfley purchased without direct inquiry as to the condition of the lot or outstanding equities.

"Eighth. That the Scott City Town Company had been for a period of seventeen years prior thereto a

dormant corporation, and had supposedly wound up its affairs and distributed its assets among its stockholders; and the deed to Myrtle M. Welfley was made without specific authority by the board of directors or so far as the evidence discloses was not pursuant to any theretofore given authority.

"Ninth. That Cornelia C. Orr, by her conveyance to the plaintiff, A. R. Lasley, transferred to him all of her rights to the property under the contract with the Scott City Town Company.

"Pertinent to the foregoing findings of fact, the court concludes as a matter of law:

"First. That on and after seven years from the date of the contract Cornelia C. Orr and the Scott City Town Company, the right to enforce the same lapsed by reason of the statute of limitations, and that such right did not thereafter exist in her or pass to plaintiff herein under his contract of assignment."

Error is predicated upon the conclusion of law, and judgment for the plaintiff is sought upon the findings.

The pleadings did not present the question of limitations; nor does it appear that the right of the plaintiff to the relief sought is barred by lapse of time. The vendee of the town company complied with her agreement, erected the building, and held the possession for over ten years until the building was removed. Her right was that of a vendee under a contract fully performed on her part. She was the equitable owner and the town company was only the trustee of the legal title. (*Jones v. Hollister,* 51 Kan. 310, 32 Pac. 1115; *Gordon v. Munn,* 87 Kan. 624, 633, 125 Pac. 1.) Defendant Myrtle M. Welfley, as the findings show, took a quitclaim deed for a consideration of $10 without inquiry concerning the condition of the lot or equities affecting the title. A grantee under such a deed is not a *bona fide* purchaser with respect to outstanding equities shown by the records, or which are discoverable by reasonable diligence in making proper inquiries and examination. (*Johnson v. Williams,* 37 Kan. 179, 14 Pac. 537; *Merrill v. Hutchinson,* 45 Kan. 59, 25 Pac.

215.) Notice must be taken of the claims of persons ostensibly interested. (*Eger v. Brown,* 77 Kan. 510, 513, 94 Pac. 803.) Thus notice must be taken of the payment of taxes or redemption therefrom shown by the public records, which are evidence that the party making such payments claims some interest in the property which should lead to inquiry concerning his rights. (*Smith v. Rudd,* 48 Kan. 296, 29 Pac. 310; *Hudson v. Herman,* 81 Kan. 627, 107 Pac. 35.)

It will be observed that the taxes were paid upon this lot by Mrs. Orr, the vendee of the town company, from the time she erected the building to and including the year 1905, a period of seventeen years. As the quit-claim deed to Myrtle M. Welfley was made in January, 1906, the last payment must have been made within three months preceding its date, leaving no taxes delinquent. Considering the payment of taxes by Mrs. Orr, her previous open and adverse possession, and all the circumstances disclosed by the findings, it must be held that defendant Myrtle M. Welfley, claiming under the quitclaim deed, is in no better position respecting the title than her grantor, the town company, conceding that the conveyance was properly executed by its officers or former officers in the circumstances stated in the eighth finding. The conclusion of the district court that the contract for conveyance made by the town company could not be enforced after seven years is not pertinent to the issue. Specific performance was not sought. The plaintiff as grantee of a complete equitable title sought only to quiet that title as against the claims of the defendants. Upon the facts found by the court she was entitled to that relief.

The defendants seek to impeach the equitable title of the plaintiff by evidence taken since this appeal was filed, tending to show that a contract between the town company and Mrs. Orr upon which an attorney was requested to obtain a deed related to another lot. Upon this evidence the defendants ask that in the event of

a reversal of the judgment a new trial be awarded. The new evidence tends to show a mistake merely. There is no question but the lot in controversy was the one upon which the building was erected. The town company made no objection to the improvement or the use of the lot by Mrs. Orr for many years. Probably a mistake was made by the representative of the vendee in sending the wrong instrument to the attorney who was asked to obtain the deed. In any event no sufficient cause is shown for a retrial of the issues.

The judgment is reversed with directions to render judgment for the plaintiff quieting title as prayed for.