No. 29,091.

THE ROBINSON-PATTERSON COAL COMPANY, *Appellant,* v. ELIZA J. MORGAN, *Appellee.*

(288 Pac. 555.)

Opinion filed June 7, 1930.

*A. H. Skidmore, C. B. Skidmore* and *A. A. Skidmore,* all of Columbus, and *Spencer B. Apple,* of Baxter Springs, for the appellant.

*Fred A. Walker,* of Columbus, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action the plaintiff, claiming to be the owner of a tract of land in Cherokee county, asked that he be declared to be the owner of the tract and that his title to it might be quieted as against the defendant, Eliza J. Morgan, who is in possession, claiming ownership. The defendant prevailed, and plaintiff appeals.

After the commencement of the action the Robinson-Patterson Coal Company transferred its rights to Henry Jenkins, by a quitclaim deed, and the litigation has since proceeded in the name of the coal company without the substitution of Jenkins, in accordance with R. S. 60-415. It is conceded that the title was originally in one Durkee, and that on May 5, 1905, he executed a deed to the land to Holmes, which is alleged to have been a mortgage. On June 29, 1911, Holmes conveyed it by quitclaim deed to Sama; that

in June, 1915, Sama conveyed it by quitclaim deed to the coal company, the nominal plaintiff; that the coal company in September, 1922, by a quitclaim deed conveyed it to J. H. Robinson, its president, and that later he executed a quitclaim deed purporting to convey the land to Henry Jenkins. Upon the testimony the court found that the deed from Durkee executed on May 4, 1905, was given solely for the purpose of securing a loan of money obtained by Durkee from Holmes, and was a real-estate mortgage only. The debt to Holmes was paid in full and the mortgage securing the same was canceled and satisfied prior to the execution of the quitclaim deed from Robinson to Jenkins. On September 7, 1920, a tax deed was executed by the county to Eliza J. Morgan, which was filed for record, and because of an error therein a corrected tax deed was executed by the county on June 4, 1925, and she has been in possession of the property continually since the execution of the tax deed on September 7, 1920. The court found that Jenkins had no title to the property or interest in it and has no authority or right to contest the validity of the tax deed or the possession of the property by the defendant. Judgment was therefore given in her favor.

Although the conveyance of Durkee was in form an absolute deed of conveyance, it was clearly shown to have been in fact a mortgage given to secure the payment of a loan. The loan, it appears, was fully paid and the mortgage lien extinguished. It is well settled that one holding under such an instrument is only a lienholder and the character of the instrument may be established by any competent evidence, parol or otherwise. This rule has been frequently announced and applied. See cases from *Moore v. Wade*, 8 Kan. 380, to *Republic Mut. Fire Ins. Co. v. Johnson*, 128 Kan. 323, 278 Pac. 48. The mortgagee or his assigns therefore acquired no title and had no interest of any kind in the land to convey. The instruments of conveyance acquired by each grantee were all quitclaim deeds which by their terms cast a doubt on the title and put purchasers on notice as to the title and as to all outstanding equities and interests in the land. (*Johnson v. Williams*, 37 Kan. 179, 14 Pac. 537; *Lasley v. Stout*, 90 Kan. 712, 136 Pac. 249.) None of these holders of the quitclaim deeds ever went into possession of the land, and the defendant, who procured a tax deed from the county thereon in 1920, has been in possession of it since that time. The court correctly ruled that Jenkins had no title to the land, nor any right to ques-

tion the validity of the title of the defendant. It is not necessary to consider the objections of Jenkins to the regularity of the tax proceedings.

The judgment is affirmed.