## MOUNTAIN CITY MILL COMPANY, Appellant, v. LINK MILLING COMPANY, Respondent.

### St. Louis Court of Appeals, February 18, 1902.

1. **Evidence: PRESUMPTION: CONTRACT.** Where a contract required the delivery of wheat at Chattanooga and, that the weights at Chattanooga should control, the presumption is that the same amount of wheat which was loaded at Springfield arrived at Chattanooga, in the absence of proof of leakage or that any of the wheat was abstracted from the car.

2. **Practice, Appellate: EVIDENCE.** Where there is substantial evidence in the record to warrant the findings of a court, the judgment will not be disturbed.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Heffernan & Heffernan* for appellant.

The contract being for the delivery of a certain quantity of wheat in Chattanooga, places the burden of proof of such delivery, in quantity and quality, on the defendant. Gaus & Sons v. Maglechal, 42 Mo. App. 307; Long Bros. v. Armsby Co., 43 Mo. App. 253; Scharff v. Meyer, 133 Mo. 429. In case of a failure to deliver according to contract of sale, the ordinary measure of damages is the difference between the contract price and the market price of the goods at the time and place of delivery. Vanstone v. Hopkins, 49 Mo. App. 386; Cobb v. Whitsett, 51 Mo. App. 146; Koets v. Beckman, 46 Mo. 320; Northrup v. Cook, 39 Mo. 208; Bunson v. Turner, 77 Mo. 489.

*J. E. Mellette* and *John Schmook* for respondent.

(1)   The purchaser having designated the carrier, the delivery of the wheat to the carrier so designated was a delivery to the vendee, and as to the weights, there is abundant evidence to warrant the court finding that the defendant's (respondent's) weights were correct.   Comstock v. Affolter, 50 Mo. 411; Meyer Bros. v. McMahan, 50 Mo. App. 18.   The receipt by plaintiff of defendant's second consignment of only 4,141 bushels, was in view of this qualified letter, using the word, "if unsold," and plaintiff's subsequent acceptance of the 4,141 bushels, after receiving defendant's letter of June 11, and its payment of the draft drawn for only 4,141 bushels, all after due and full notice and knowledge of the facts and its long silence, in relation to this important matter, constitutes, in our judgment, a complete bar to its right to recover damages under the second count.   (2)   The letter of respondent to appellant, of June 11, 1900, written on the day of the shipment of the last consignment of 4,141 bushels, stating, "This is our lot," "We trust this satisfactory," was explicit.   It plainly informed the appellant that no more wheat was intended to be delivered.   With this full knowledge of the facts and intention of respondent, its complete silence and failure to reply to this letter or in any way to express its dissatisfaction with respondent's intention, from the receipt of this letter and information June 11, to its grain statement of June 25, after all the wheat had been received, demanding only shortage in weights, constitutes an acceptance of the partial and a waiver of the full·performance, and this under the strictest construction of any contract that may be alleged to have existed between the parties. Stephens v. McKay, 40 Mo. 224; Graff v. Foster, 67 Mo. 520; Crawford v. Elliott, 78 Mo. 497; Water and Light Co. v. City of Lamar, 140 Mo. 145; Nightingale v. Eiseman, 121 N. Y. 288.

BLAND, P. J.—Plaintiff is a milling corporation doing business at Chattanooga, Tennessee. The defendant is a milling corporation doing business at Springfield, Missouri. On May 26, 1900, defendant mailed plaintiff the following letter: "Mountain City Mill Co., Chattanooga, Tenn.

. "Gents: We mail you a fair sample of our lot of wheat. It is just what we claim, the choicest lot held in this section. As millers we known you see the value in this lot. We quote you, if unsold, 5,000 to 10,000 bushels of such wheat at 82c. delivered.                Yours truly,

"LINK MILLING Co."

This letter was duly received and on June first following plaintiff offered defendant eighty-one cents per bushel for five thousand bushels of wheat, corresponding to sample, to be delivered at Chattanooga. Defendant accepted the offer and on June 5, loaded five cars of wheat at Springfield and billed the same to plaintiff as containing five thousand bushels and drew on plaintiff for the contract price. The draft was received and honored and paid by plaintiff.

In respect to this shipment, the evidence of plaintiff tends to prove that as the cars arrived at Chattanooga plaintiff had them weighed on track scales and found that there was a shortage of six thousand seven hundred and ten pounds, worth, at the contract price, ninety dollars and fifty-eight cents.

The defendant's evidence tends to prove that before the shipment it made a careful selection of the cars in which the wheat was shipped and that they were made so secure that leakage was impossible; that it weighed the wheat out at its elevators into the cars; that the weights were taken by hopper weights; that the scales on which the weights were taken were tested and found to be correct before the weighing was commenced and that each hopper of wheat was carefully weighed and its weight correctly noted by careful and experienced persons and that there was five thousand bushels of wheat loaded into the cars that were shipped to plaintiff.

A short time after the first shipment, plaintiff gave defendant a second order for five thousand bushels of the same grade of wheat at the same price, which order plaintiff accepted and on June 11 undertook to fill it. It found on weighing out all the wheat it had that there was but four thousand one hundred and forty-one bushels. This was loaded in cars and shipped to the plaintiff. The shipment arrived and was received by the plaintiff. On the day of shipment defendant wrote and inclosed in a return envelope the following letter:

"June 11, 1900.

"Mountain Mill Co., Chattanooga, Tenn.

"Gents: Inclosed find B. L. for four cars of wheat, containing 4141 bu. and 5 lbs. Our estimate of our surplus was a little large. This makes 9141 bus. we have sent you. This is our lot. These last cars test about 60 lbs. and are very fine. We trust this is satisfactory. Have made draft on you through Citizens' Bk. for $3,354.27, having prepaid freight. Please protect same and oblige,

"Yours truly,"

which it duly stamped and posted. The letter was not returned and no complaint was made at the time by plaintiff of defendant's failure to ship the entire quantity of wheat, according to plaintiff's evidence. The draft mentioned in the letter was honored and paid by plaintiff.

Plaintiff's testimony tends to prove that it demanded the delivery of the balance of the wheat; that it was not delivered and that as a consequence it was compelled to buy other wheat, at an advance over the contract price of one hundred and twenty-eight dollars and eighty-five cents; that this advance was caused by a sharp raise in the wheat market.

The suit is to recover the ninety dollars and fifty-eight cents, shortage on the first shipment, and the one hundred and twenty-eight dollars and eighty-five cents, the damage occasioned by defendant's failure to fulfill the second order for five thousand bushels of wheat.

Plaintiff objected to the introduction of any evidence tending to prove the weights of the wheat made and kept by defendant at Springfield for the reason that the contract required the delivery of the wheat at Chattanooga and that the weights at Chattanooga should control. This objection was by the court overruled and we think correctly so, for if there were five thousand bushels of wheat loaded into the cars at Springfield and no loss by leakage, as the evidence tends to show that there could not have been, the same amount of wheat that was loaded at Springfield arrived at Chattanooga, as there is no pretense that any of the wheat was abstracted from the cars while in transit.

The answer to the second count for the recovery of the one hundred and twenty-eight dollars and eighty-five cents is, that the plaintiff waived the delivery of the full amount ordered and accepted the four thousand one hundred and forty-one bushels in discharge of defendant's obligation to ship five thousand bushels. There is some evidence to support this defense. The letter of defendant informing the plaintiff of the number of bushels shipped and that it was all that it could ship, in due course of mail, should have reached plaintiff before the wheat arrived and as it was not returned the presumption should be indulged that the letter did arrive before the wheat. This fact and the further fact that plaintiff honored the draft of defendant drawn for the full contract price of the shipment without objection, taken in connection with defendant's evidence that plaintiff did not demand the balance of the wheat and made no complaint whatever until several months after the shipment arrived, when it demanded, not wheat but damages, is strong persuasive evidence that plaintiff accepted and paid for four thousand one hundred and forty-one bushels of wheat in satisfaction of the contract for five thousand bushels.

The court, to whom the issues were submitted, found the issues on both counts for defendant. There is substantial evi-

dence in the record to warrant these findings and the judgment is affirmed. *Barclay* and *Goode, JJ.,* concur.