Swartz v. Levin.

---

No. 22,889.

A. SWARTZ, doing business as the OTTAWA JUNK COMPANY, *Appellee,* v. AARON LEVIN and M. MESHEVSKY, Partners, doing business as the INDEPENDENT IRON & METAL COMPANY, *Appellants.*

SYLLABUS BY THE COURT.

1. SALE—*Goods Accepted and Paid for—Claim of Shortage in Weight—Burden of Proof.* Where goods sold according to their weight are accepted and paid for upon delivery, the buyer who demands a return of a part of the price on the ground of a shortage has the burden of proof on that issue.

Swartz v. Levin.

2. EVIDENCE—*Not Directly Contradicted—Province of Trier of Facts.*
The trier of the facts is not bound to believe evidence the truth of
which is not admitted, merely because no direct testimony to the con-
trary is introduced.

Appeal from Douglas district court; CHARLES A. SMART,
judge. Opinion filed January 8, 1921. Affirmed.

*Joseph Goldman,* of St. Joseph, Mo., for the appellants.

*R. R. Redmond,* of Ottawa, *Hugh Means,* and *Raymond F.
Rice,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

MASON, J.: Aaron Levin and M. Meshevsky made a written
agreement with A. Swartz for the purchase by them from him
of a quantity of junk to be paid for according to a schedule of
prices per hundredweight, delivery to be made on the track
at Ottawa. Two cars were loaded and paid for. A third car
was likewise loaded and the purchasers gave their check for
$1,709.95 in payment and caused it to be shipped, its destina-
tion being outside of the state. Payment of the check was
stopped by the purchasers and the seller sued for its amount,
attaching the car in transit. The defendants procured a dis-
charge of the property by giving a bond and filed an answer
in which they alleged a shortage in the weight of the goods
loaded on the third car, representing a value of $199.82, for
which sum they asked a deduction from the amount claimed
by the plaintiff. They also alleged shortages in the other car-
loads on account of which they asked judgment for $82.80
and $353.31 respectively. A trial was had without a jury,
judgment being rendered in favor of the plaintiff, from which
the defendants appeal.

Complaint is made that the written contract was not intro-
duced in evidence. As its execution was not denied there was
no occasion for introducing it.

1. It is contended that there was a failure of proof because
no evidence of the weights was given by the plaintiff. The
plaintiff testified to the weights of the goods which made up
the third carload and it does not appear to be claimed that
this evidence was overcome. It is insisted, however, that the
defendants should have had judgment upon what they char-

acterize as their two cross demands or counterclaims based upon the alleged shortages in the first two shipments. The trial court held that as to these matters the burden of proof was on the defendants, because the goods on the first two cars had been accepted and paid for. For this reason the court refused to allow the plaintiff, who had testified to the weights of the goods forming the third carload, to be cross-examined as to the weights of what went into the first two cars. This ruling was justified by the condition of the pleadings as already indicated. The counterclaims of the defendants with respect to the first two carloads, which had been accepted and fully paid for, were in the nature of actions for the recovery of payments or parts of payments already made, the burden of proof being upon the person making the demand (30 Cyc. 1325), and the presumption being that the actual weight of the goods corresponded to the amount paid for them.

2. The defendants introduced testimony that the contents of the first two cars when received at their destination did not weigh as much as corresponded to the amounts paid for them, and no rebuttal was offered, so that the question is presented whether the evidence did not require a judgment against the plaintiff for the amount of shortage claimed in these two cars. Assuming that such evidence was equivalent to testimony as to the amount of goods loaded into the cars, in the absence of a showing of any loss in transit (*Mountain City Mill Co. v. Link Milling Co.,* 92 Mo. App. 474), no basis for reversal is afforded, because the trier of the facts was not bound to believe the defendants' evidence as to the weights at destination, even in the absence of express contradiction. (*The State, ex rel., v. Woods,* 102 Kan. 499, 170 Pac. 986.) The trial court may have distrusted the veracity of the witnesses from something in their manner or from a suspicion growing out of the way in which the transaction had been conducted on the part of the defendants. At any rate, as the court was not persuaded by the evidence of the party on whom the burden of proof upon this issue rested, there was no occasion for requiring any rebuttal.

The judgment is affirmed.