No. 32,347

J. Fuller Groom, *Appellant,* v. Antone Bertoglio and The Capitol Building and Loan Association, *Appellees.*

(54 P. 2d 992)

Opinion filed March 7, 1936.

*Samuel Griffin* and *Orville Mills, Jr.,* both of Medicine Lodge, for the appellant.

*J. N. Tincher,* of Hutchinson, *Riley W. MacGregor* and *Herbert Hobble, Jr.,* both of Medicine Lodge, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: This was an action in ejectment involving questions of a mortgagee in possession and a deed being construed as a mortgage. It was tried by a jury which rendered a verdict for defendants, and plaintiff appeals. No special questions were submitted to the jury and we have only their general verdict.

Appellant forcibly argues the following five specifications of error:

"The court erred (1) in refusing to allow certain testimony to be introduced by the appellant; (2) in sustaining certain objections of the appellees to the appellant's testimony; (3) in instructing the jury as to the law in the case in giving instructions Nos. 10 to 23, inclusive; (4) in overruling appellant's motion for judgment notwithstanding the verdict of the jury; and (5) in overruling the appellant's motion for a new trial."

The plaintiff became the owner of the lots in question in 1920, after which he borrowed from the defendant The Capitol Building

and Loan Association $4,500, and gave a mortgage on the lots to the building and loan association therefor, and erected a dwelling house on the lots and occupied it as his residence until 1932. He reduced the loan to $2,900 and later when he became interested in a bank in the town of his residence—Medicine Lodge—he borrowed $1,000 from the building and loan association, thus increasing the loan to $3,900. Shortly thereafter, and in 1927, he borrowed for use in the bank the sum of $3,333 from J. H. Trice, and gave him a warranty deed to said property, subject to the mortgage held by the Capitol Building and Loan Association.

Plaintiff and family removed from their residence in Medicine Lodge to Wichita in 1932, after which Trice gave attention to the collection of rent for the same and the making of repairs on the property. The warranty deed given by plaintiff and wife to Trice was dated January 12, 1927, and was placed of record November 12, 1932. Trice gave a quitclaim deed to the same property to the Capitol Building and Loan Association on September 18, 1933, which was placed of record the same month, and the association on December 12, 1933, entered into a contract with the defendant Antone Bertoglio to convey the property after certain monthly payments had been made.

The defendant Bertoglio was occupying the house and property when this action was commenced on March 15, 1934, against him and the Capitol Building and Loan Association.

There was evidence about plaintiff padlocking the building against the defendant Bertoglio and later renting it to him. There was also evidence of the plaintiff's having given J. H. Trice a note for $3,333 at the same time he gave the warranty deed. There was also evidence introduced as to the disposition of the rent money collected by Trice. As to the exclusion of evidence offered by the plaintiff, we are not informed as to what the answers to the questions asked by the plaintiff were to which the court sustained objections, except one which was partially answered before the ruling was made, as the record indicates. It is said that the answer to one of the other questions would naturally be simply "yes" or "no." But it might make a serious difference which of the two answers would have been given if the objection had not been sustained. Being thus in the dark as to what all this rejected evidence offered by the plaintiff actually was, it is impossible for us to determine whether the ruling excluding it was right or wrong. If it had been brought to the atten-

tion of the trial court on the hearing of the motion for a new trial, as provided by R. S. 60-3004, it would have come up to us on appeal. Under the circumstances we are not able to say there was error in the exclusion of the answers to these questions.

As to the error in the giving of certain instructions to the jury, particularly Nos. 10 and 11, it is contended by the appellant that it was the duty of the trial court to construe the warranty deed together with the testimony that it was given to secure a note for $3,333 as a mortgage and not to have left it to the jury, citing the following cases: *Bell v. Keepers,* 37 Kan. 64, 14 Pac. 542; *Aaron v. Telephone Co.,* 84 Kan. 117, 114 Pac. 211; and *Nichols & Shepard Co. v. Swisher,* 110 Kan. 20, 202 Pac. 630. All of these decisions confirm this as the general rule. However, the last case above cited, after stating this general rule, states:

"The construction of the contract in this case did not depend upon extrinsic facts about which there was a dispute." (p. 24.)

Appellant insists that the deed was given to secure a note and such matter was undisputed, but there were other extrinsic facts brought out in the evidence which might have made it necessary to have submitted the question to the jury, and the jury might not have given credence to the testimony of the plaintiff as to such undisputed fact. The conduct of the parties, the payment of taxes or the failure to pay such, and the relation of both parties with reference to the property are extrinsic matters which might justify the trial court in leaving the matter to the jury, even though the note feature of the case, if believed, was undisputed. It is said in *Hoyt v. National Bank,* 115 Kan. 167, 222 Pac. 127:

"The true test in determining whether or not the transaction between the parties constituted an absolute conveyance or a mortgage, is whether, after the transaction, there existed, by virtue thereof, the relation of debtor and creditor." (p. 172.)

There are enough of circumstances in connection with the relation of plaintiff and Trice to make the same debatable, and enough, if credited, to do away with that relation of debtor and creditor.

Appellant assigns a similar error as to the giving of instructions Nos. 15 and 16, which concern the contract made between the two defendants in this action, particularly as to the construction of said contract with reference to the giving of possession of the premises by the building and loan association to defendant Bertoglio, quoting in

particular a portion of instruction No. 16 with reference to possession of the premises as follows:

". . . then I say to you that the said Antone Bertoglio thereby became the equitable owner of said premises and entitled to the possession thereof insofar as the Capitol Building and Loan Association is concerned."

This same instruction concludes with the following clause with reference to the right to possession:

". . . but no more than the said corporation had, and you should so find."

This contract of purchase was, like the warranty deed, as to construction, dependent upon some extrinsic facts, especially as to the giving of immediate possession of the premises to defendant Bertoglio, and was therefore a proper matter to put up to the jury.

Instructions Nos. 17 to 23, inclusive, are on the question of a mortgagee in possession and the right of a mortgagee when in possession. We find no errors in the statement of the law concerning the same, and the determination of the facts with reference to such matters was absolutely within the province of the jury.

Appellant argues very forcibly and earnestly that it was error to overrule his motion for judgment notwithstanding the verdict of the jury and his motion for a new trial, both on the theory of unimpeached and uncontradicted evidence on his side of the case, and cites authorities that a jury must not wholly disregard positive, and the only, evidence upon a material question in controversy. That is good law, but it must not overturn the recognized rule that the jury is to determine the extent of credence to be given the testimony of any and all witnesses. It was said recently in the case of *Weber Implement & A. Co. v. Dubach,* 132 Kan. 309, 295 Pac. 979:

". . . the trier of facts is not bound to believe evidence, the truth of which is not admitted, merely because no direct testimony to the contrary is offered." (Syl. ¶ 5.) (See, also, *Cobe v. Coughlin,* 83 Kan. 522, 112 Pac. 115; *Swartz v. Levin,* 108 Kan. 224, 194 Pac. 646; and *Sharp v. Losee,* 109 Kan. 211, 199 Pac. 94.)

A decision particularly applicable to the situation under these motions is *Jevons v. Railroad Co.,* 70 Kan. 491, 78 Pac. 817, where it was said:

"Oral evidence in support of an affirmative defense, even if not contradicted, will not authorize a trial court peremptorily to direct a verdict for the defendant." (Syl. ¶ 2.)

Answers to special questions along the lines urged by appellant

showing the details of facts as seen by the plaintiff would have been good grounds for rendering judgment notwithstanding the verdict, but without such answers all answers are necessarily contained in the general verdict in favor of the defendants.

We find no error requiring a reversal of any of the rulings of the trial court.

The judgment is affirmed.