No 33,195

THE KANSAS STATE BANK, *Appellee*, v. THE WHEELER KELLY HAGNY TRUST COMPANY, Trustee, *Appellant*.

(65 P. 2d 299)

Opinion filed March 6, 1937.

*Robert C. Foulson, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt*, all of Wichita, for the appellant.

*C. H. Brooks, Howard T. Fleeson, Fred W. Aley, Carl G. Tebbe, Wayne Coulson* and *Paul R. Kitch*, all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.:  This is an appeal from a declaratory judgment construing certain agreements between various parties interested in the affairs of an insolvent bank.  Incidental thereto was the question whether a certain deed executed pursuant to those agreements was a mortgage entitling the grantor to have it foreclosed with the usual period of redemption.

It appears that in 1931 the Peoples State Bank of Wichita was in financial difficulties.  The Merchants Reserve State Bank of the same city was disposed to take over its assets and liabilities and to satisfy the demands of its depositors.  Mrs. M. H. Naftzger, wife

of a Wichita banker, was willing to convey certain of her Wichita real estate to a trust company to raise funds to aid in the success of that arrangement. The defendant trust company was willing to serve the parties concerned as trustee. Accordingly on June 13, 1931, an agreement was severally executed by the two banks, Mrs. Naftzger, and the trust company, which formally and at length set down the details of their contract. Pursuant to its terms Mrs. Naftzger executed a deed of general warranty conveying certain town lots in Wichita, subject to recorded encumbrances, to the defendant trust company.

Certain progress was made in liquidating the affairs of the Peoples State Bank in the next two years, but in that period the Merchants Reserve State Bank itself had gotten into difficulties and had been taken in charge by the bank commissioner. Mrs. Naftzger died in October, 1933, and her demise was followed by an agreement supplemental to the four-party contract of June 13, 1931. In it the principal terms of the earlier contract were summarized and acknowledged; the progress of liquidating the affairs of the Peoples State Bank was remarked; the receipt of the proceeds of certain life insurance policies was acknowledged; and a course of further liquidation of the insolvent banks agreed to and adopted.

In 1934 the Merchants Reserve State Bank was reorganized and renamed the Kansas State Bank, plaintiff herein. In this action it pleaded the pertinent facts, set out at length the contract of 1931 and the supplemental contract of 1933, and prayed for an interpretation of various disputed features of those contracts. The defendant trust company answered at length but raised no controversial fact, and joined in plaintiff's prayer for an interpretation of the contracts and for instructions touching its duties as trustee thereunder. In the trial court, however, it seems that an issue of law arose out of the pleadings, the defendant contending that the deed from Mrs. Naftzger to the trust company was a mortgage, and that the rents and profits of the Naftzger real property in the deed should inure to the benefit of the representative or assignee of the mortgagor during the eighteen months' period of redemption.

The trial court ruled adversely on both these claims; hence this appeal.

At the outset an argument is advanced by appellant that a deed may be in fact a mortgage, although there is no debt to be paid, and that the familiar test so often applied by this court to deter-

mine whether a deed is in fact a mortgage needs to be modified to conform to textbook authority as well as decisions of other jurisdictions.

Our rule, which was first announced by this court 48 years ago in *McNamara v. Culver*, 22 Kan. 661, and which has been many times reiterated, is that a deed absolute on its face will only be construed to be a mortgage where, after its execution, the relation of debtor and creditor exists between the parties and where the consideration for the deed is shown by competent evidence to have been security for some obligation which the debtor is bound to pay to the creditor. (*Hoyt v. National Bank*, 115 Kan. 167, 222 Pac. 127, and citations; *Handrub v. Griffin*, 127 Kan. 732, 275 Pac. 196; *Benson v. Rosebaugh*, 128 Kan. 357, 278 Pac. 41; *Jett & Wood Merc. Co. v. Koeneke*, 141 Kan. 791, 44 P. 2d 199; *Groom v. Bertoglio*, 143 Kan. 296, 54 P. 2d 992.)

Counsel for appellant cite cases from other jurisdictions which apparently hold that a deed absolute on its face will be construed to be in fact a mortgage on a sufficient showing that it was given by way of security although no personal obligation exists which is thus to be secured. And two of our own cases, *Kolar v. Eckhardt*, 119 Kan. 518, 240 Pac. 947, and *Robinson-Patterson Coal Co. v. Morgan*, 130 Kan. 679, 288 Pac. 555, are cited as giving some countenance to that doctrine. (See, also, 17 A. L. R. 714; 19 R. C. L. 289-296.) But unless the facts of this case bring it within the rule contended for it will be of no present concern whether the one we have so often stated is in need of qualification in the interest of precision.

The deed of June 13, 1931, by Mrs. Naftzger and her husband, was one of general warranty, conveying a town lot on Douglas avenue and one lot and part of another lot on Market street, Wichita, to the Wheeler Kelly Hagny Trust company, with the usual recitals of such instruments, and warranting the described premises to be free of all encumbrances except mortgages and liens of record.

Looking into the ten-page contemporaneous contract, which particularized the purpose of the conveyance, we find the following:

"Whereas, Maymie Houck Naftzger, the wife of S. O. Naftzger, president of said the Peoples State Bank, for a consideration herein expressed, and for the purpose of avoiding the consequences of a closing of the Peoples State Bank, is willing to guarantee and agree to make certain indemnity arrangements, as herein set forth; and

"Whereas, all parties hereto, for a mutual consideration moving each to the

other, are desirous of entering into an arrangement for the orderly liquidation of the Peoples State Bank and to avoid the private and public complications which would occur in event of the closing of said the Peoples State Bank as an insolvent institution; and

"Whereas, the Wheeler Kelly Hagny Trust Company is willing to act in the capacity of trustee and to perform certain services in connection with the liquidation of said the Peoples State Bank, all as herein stated;

. . . . . . . . . . . . . .

"Ninth: It is agreed that the third party, Mamie Houck Naftzger, has concurrently with the execution of this contract, executed to the Wheeler Kelly Hagny Trust Company, as trustee, a deed of general warranty, subject only to liens and mortgages of record, covering lot ninety-eight (98) on Douglas avenue in the original town, now city of Wichita, and lot twenty-four (24), except the south 4.85 feet, and all of lot twenty-six (26) on Market street, original town, now city of Wichita, Sedgwick county, Kansas, and it is agreed that said property thus conveyed to the Wheeler Kelly Hagny Trust Company shall be held, owned and controlled by the said the Wheeler Kelly Hagny Trust Company with full power of sale, disposition and to deal with and concerning as said trust company may desire, for the purpose of obtaining funds and money with which to pay any obligation of the third party under the terms of this contract when and as the same may be ascertained, and *that said deed,* as between said third party and trustee *is an absolute conveyance* and that said property is subject to sale by said trustee *without reservation or redemption.*

. . . . . . . . . . . . .

"Tenth: It is agreed by the parties hereto that, in the event the assets being received by 'Merchants' from 'Peoples' shall be insufficient to pay 'Merchants' in full on account of all deposits and liabilities of 'Peoples' to 'Merchants,' as herein provided, that the trust company shall, from the sale or other dealing with said property thus conveyed by the third party to it, promptly pay to 'Merchants' any such deficit occurring in the liquidation of said 'Peoples,' including interest charge, expenses and attorneys' fees as herein provided." .

In the supplemental agreement of October 25, 1933, notice is taken of the death of Mrs. Naftzger, the existing status of the insolvent banks, and the further course for their further liquidation was prescribed; but nothing inconsistent with the terms of the original contract is discernible in the supplementary agreement.

Where, then, is the evidence that the deed of general warranty is not what it purported to be? The record contains nothing to minimize the plain language of the contemporaneous contract that the property conveyed—

". . . shall be held, owned and controlled by the said The Wheeler Kelly Hagny Trust Company with full power of sale, disposition and to deal with and concerning as said trust company may desire, for the purpose of obtaining funds and money with which to pay any obligation of the third party under

the terms of this contract when and as the same may be ascertained, and that said deed, as between said third party and trustee, is an absolute conveyance and that said property is subject to sale by said trustee without reservation or redemption."

The contract does provide that if and when the obligations of the defunct Peoples State Bank are fully discharged and paid, whatever assets acquired by the trust company pursuant to the contract may remain in its hands—

". . . shall be held by trust company for the benefit of the third party or/and the stockholders of said bank as their respective interests may appear.

. . . . . . . . . . . . . . . . . .

"Thirteenth: It is agreed that, after the liability to 'Merchants' shall have been fully paid and satisfied, all of the remaining assets of said 'Peoples' shall be transferred to and vested in the trust company and liquidating agent, and that said trustee shall handle, control and deal with said assets in any manner which shall be in its opinion for the best interest of the third party and the stockholders of said bank, and said trustee shall, *from the funds coming into its hands,* be entitled to receive fair and just compensation for the services performed by [the] trust company, and *shall pay such portion of the remaining balance in its hands to the third party* as may be necessary to reimburse the third party for any and all advancements made from the property held by said trust company, together with interest thereon, at the rate of six percent (6%) per annum from the date of such advancements to the date of payment. . . ."

The fair interpretation of the provisions just quoted precludes the idea that the deed was merely a mortgage. Obviously Mrs. Naftzger not only understood that she was conveying the property to the trust company "without reservation or redemption," but that when all the assets coming into the hands of the trust company had been turned into money and all the obligations of the insolvent bank discharged, she should have her proper share of any remaining funds (not town lots) in the hands of the trust company as her interests may appear.

As that contemplated goal of complete satisfaction of the defunct bank's liabilities has never been reached, it is clear that the nice question whether a deed can ever be said to be a mortgage when there is no personal debt to be secured by it does not arise in this lawsuit.

Counsel for the litigants agree that the propriety of the trial court's order touching the disposition of the rents and profits of the realty conveyed to the trust company by Mrs. Naftzger is of no present concern if the trial court's finding and judgment that the deed is not a mortgage should be sustained. It is sustained, and the judgment is affirmed.