No. 36,292

LaVern Van Allen, Executrix of the Will of Verna Steinmetz, Deceased, *Appellant,* v. Thomas J. Butler, Jr., Administrator of the Estate of Edmund O. Steinmetz, Deceased, *Appellee.*

(159 P. 2d 487)

18

Opinion
filed June 9, 1945. 

*Harold Bolton,* of Abilene, was on the briefs for the appellant.

*Paul H. Royer, John H. Lehman* and *Matt Guilfoyle,* all of Abilene, and *W. H. Alward,* of Herington, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a claim based on a promissory note against the estate of Edmund O. Steinmetz. The probate court denied the claim. On appeal the district court affirmed the decision. The claimant has appealed.

Edmund O. Steinmetz died a resident of Dickinson county, Kansas, March 28, 1943. On July 2, 1943, Verna Steinmetz, his mother, whose residence was Trumbull county, Ohio, filed a claim in the probate court for $8,316.92 against Edmund's estate. This claim was set out as follows:

| "DATE | ITEM | AMOUNT |
|---|---|---|
| 6/29-43 | Principal and interest on promissory note dated December 18, 1916 | $8,316.92 |

"That interest is due and unpaid at six percent per annum from March 17, 1943.

. . . . . . . . . . . . .

"Your petitioner further alleges that the Estate is entitled to the following offsets, and no others, viz: *% none.*"

The prayer was for $8,316.92, with interest at six percent, from March 17, 1943. This claim was signed by Mrs. Verna Steinmetz, Claimant, and verified by LaVern Van Allen, as her agent.

A copy of a promissory note was attached as follows:

"2285.00 Cleveland, O., Dec. 18, 1916.

"Six months after date I promise to pay to the order of Mrs. Verna Steinmetz .................. Twenty Two Hundred and Eighty-five and 00/100 Dollars with interest at 6 percent payable at Medina, Ohio.

"Value received.

"EDMUND O. STEINMETZ."

Before anything was done about this claim LaVern Van Allen, as executrix of the will of Verna Steinmetz, filed an amended petition for allowance of this claim in the probate court of Dickinson county against the estate of Edmund O. Steinmetz. She alleged that Verna had died subsequent to the filing of her claim; that her residence was Warren, Ohio; that she, as executrix, had a demand

against the estate of Edmund represented by a promissory note dated December 18, 1916, in the principal sum of $2,285, with interest at six percent per annum; that payments aggregating $430 had been made on the note, the last payment having been made on March 17, 1943; that there was due the estate of Verna Steinmetz $8,306.92, including principal and interest; that no payments had been made upon the note and there were no offsets against it other than those mentioned. The claim further alleged that the note was executed in Ohio and the laws of that state were applicable; that the limitation of action upon the note expired only after fifteen years from its due date, or the date of the last payment, or acknowledgment of it in writing; that under the Ohio statute an acknowledgment in writing tolled the statute; that on the 14th day of April, 1927, Steinmetz wrote a letter to Verna Steinmetz in which he acknowledged that he owed her the note in question and promised to pay her the amount due; that Steinmetz did not reside in Ohio for a total period of fifteen years after April 14, 1927; that during his absence from Ohio the statute was tolled. Claimant asked that her demand be allowed in the amount of $8,306.92.

To this demand creditors of Steinmetz for an answer filed a general denial and alleged further that the note was barred by the five-year statute of limitations, and further if construed to be subject to the statute of Ohio it was barred by the fifteen-year statute of Ohio; that they had an interest in the litigation because they were creditors of the estate. This claim was heard by the probate court and was disallowed for the reason that there was no evidence offered that LaVern was the executor of Verna Steinmetz estate and for the further reason that the claim was barred by the statute of limitations of Kansas. On appeal the district court heard the evidence without a jury and found against the allowance of the claim. Hence this appeal.

On this trial the files of the probate proceedings in the estate of Verna Steinmetz were introduced. These showed that she died a resident of Kinsman, Trumbull county, Ohio, on September 2, 1943; that her will was admitted to probate on January 4, 1944; that LaVern Van Allen was appointed executrix and that after bequests of one dollar to each of four children, all the rest of her property was bequeathed to LaVern. Also offered in evidence were two sheets out of a ruled account book entitled "In Account With Ed." These sheets showed certain dates and after each date in

figures either $5.00 or $10.00. The first notation was dated June 19, 1939, and the last March 17, 1943. Also offered in evidence by the claimant were the depositions of LaVern Van Allen and Ira Van Allen, her husband. These depositions were taken on interrogatories. During the reading of them there was introduced in evidence by the claimant a letter written to Verna Steinmetz by Ed under date of December 4, 1941. Only a portion of one paragraph of this letter is of interest to us here. It reads as follows:

"You mentioned the fact that the boys have about paid you off. This is something that I *no* nothing about. I am sure that they will never let you down and be in want. Your check from me will come as long as I am living and if something happens to me it will still continue to come so you need not worry about that. Check enclosed as usual. Life goes on so we must carry on the best that we can. I was glad to hear from you and write whenever you can."

This record is not as clear as we would like to have it as to just what objections were made by counsel to these depositions at the time they were read. In the abstract of appellant appears the following:

"RULINGS OF THE COURT

"In the deposition of LaVern Van Allen the following objections to questions by counsel for appellee were sustained:

"Q. Did Edmund O. Steinmetz owe your mother any account or money other than this note?

"Mr. Royer: To which we object as incompetent and irrevelant and calling for a conclusion of the witness.

"The Court: Objection sustained.

"Q. Would you have known of any indebtedness due your mother from Edmund O. Steinmetz?

"Mr. Royer: To which we object on the ground that it is incompetent, irrelevant and immaterial and calling for a conclusion of the witness.

. . . . . . . . . . . .

"The Court: Objection sustained.

"Q. Are there any set offs against this note? A. No, only the payments that he made monthly to mother.

. . . . . . . . . . . .

"Mr. Royer: We object to it on the ground that it is incompetent, irrelevant and immaterial and calling for a conclusion of the witness.

"The Court: Sustained.

. . . . . . . . . . . .

"The Court: In the testimony of the witnesses here, there is one objection there where I missed the boat, and that was the objection to the conversation with Ed Steinmetz. As that objection was made my mind was on the mother Steinmetz and she was dead and this wasn't with her, so I overruled the ob-

jection and overlooked the fact that this was the conversation with the sole. heir, with Ed Steinmetz, who is also deceased.

"Mr. Bolton: No.

"The Court: That testimony, the objection should have been sustained to that and it will be sustained.

"Mr. Lehman: If the Court please, may I just make this statement: At the time of that alleged conversation, LaVern Van Allen was not at that time the sole heir. The mother was still living.

. . . . . . . . . . . . . . . .

"The Court: Well, you had her testify there also. That is what I am talking about, and I am not so sure just offhand as to whether or not the husband's testimony isn't in the same situation. However, notwithstanding that I am satisfied that there is no sufficient showing here that there was ever any payment made on this note, and that if there were any payments made, between the two, that it was the intention of either of them that it should apply on the note. All of these checks have a simple notation: 'Mother.' Well, now, that could be for anything. The testimony of the two witnesses that they know of their own knowledge, that couldn't be true, if they hadn't gotten that information from parties who are now deceased. I think unquestionably that the judgment should be that the note is barred by the Statute of Limitations and the claim should be disallowed. That will be the order."

Counsel for appellee makes the statement in the counter abstract that throughout the reading of the depositions they objected to all the pertinent questions and answers on the ground that they were incompetent, irrelevant and immaterial, also because they called for a conclusion of the witness, as well as on the ground that they called for testimony as to a transaction had by the witness with a person since deceased and that these objections were sustained. This statement is not disputed by counsel for appellant. Ordinarily when an objection to a question is sustained on the ground that it is incompetent and irrelevant or calls for a conclusion of a witness counsel simply reframes the question so that the witness may answer it and the information goes into the record or it becomes clear that the witness is unable to furnish the information desired. Here, however, the depositions were taken by interrogatories. Once the objection was sustained on any ground at the time the depositions were read the evidence was unavailable.

This brings us to a consideration of the issues of fact. There was a statement in the amended claim that this note was executed in Ohio and on that account the statute of limitations of Ohio governed. The only evidence in this record to prove this is the fact that the note itself had this notation just before the date "Cleveland, O." This standing by itself does not require a finding that it

was executed there. Hence we are not concerned any further with that question.

The note shows on its face that it was executed December 18, 1916, and was due in six months thereafter or on June 18, 1917. This claim was filed July 2, 1943, or twenty-seven years later. Hence on the face of the record it was barred unless the statute was tolled in some manner. Claimant pleaded that the statute was tolled in this case by payment and by acknowledgment in writing by the maker of the note. There is no question but that Ed Steinmetz did pay his mother some money after the statute had run on the note. He paid her about $430 in monthly payments of five and ten dollars a month. The claimant had the further burden, however, of proving that these payments were intended by him to be payments on the note. In order for payments by a debtor to toll the running of the statute of limitations on the original obligation it must appear that the payment was made under such circumstances as to make it appear that the payer intended to acknowledge the debt. (See *Pessemier v. Zeller*, 144 Kan. 726, 62 P. 2d 882 and cases there cited.) Naturally for this rule to apply it was necessary for claimant to prove that these payments were made by Ed to his mother with the intention that they be applied on the note.

To meet this burden claimant introduced the depositions to which reference has been made. LaVern Van Allen was Ed's sister and the principal beneficiary under the will as well as executrix. She would have profited more than any other person should the claim have been allowed.

We shall examine her testimony: First, she identified the note. There is no controversy about that. Then she said that her mother kept a record of the dates and amounts credited on the note. She identified a document which she said was such an account. This document was introduced and consists of two sheets headed "In Account With Ed" and sets out several months when payments of five or ten dollars were made by Ed to his mother. So far, however, the testimony fell far short of establishing that Ed made these payments on the note or intended them to be so applied. (See *Pessemier v. Zeller*, supra, also *In re Estate of Badger*, 156 Kan. 734, 137 P. 2d 198.)

Following this, counsel inquired about whether Ed owed his mother any other money than the note and whether or not appellant would have known of any other indebtedness. The part of the rec-

ord that the appellant has brought here shows that the objection to those questions was sustained because it called for a conclusion of the witness. Counsel then asked the question: "Do you know, of your own personal knowledge, that this document is a record of payments on the note?" The record here shows that she answered "Yes, I do." This question called for a conclusion of the witness. From the statement of appellee that objections were made and sustained to every pertinent question on the ground that it called for a conclusion of the witness, we conclude that the objection was properly sustained to this question and answer. The witness was then permitted to say she had discussed the note with Steinmetz but she did not testify as to the letter written by Steinmetz to his mother, to which reference has already been made in this opinion. The letter was introduced in evidence. She was then asked "Are there any setoffs against this note?" Witness answered: "No, only the payments that he made monthly to mother." The record shows that the objection to this answer was sustained.

We thus have only that part of the testimony of Mrs. Van Allen as to these payments, to which no objection was made that there was a record of payment of some sort kept.

We go now to the depositions of Ira Van Allen, the husband of LaVern. He testified that he heard his wife say to her brother: "What about the note which you owe mother." And he said: "I will pay off the note just as fast as I can and the checks will continue to come each month. I have taken out insurance in case anything might happen to me before the note is paid, so that the balance of what I owe mother on the note will be taken care of by the insurance." He also testified that Steinmetz said in his conversation that the payments he was making were on the note he owed his mother.

The trial court did not make detailed findings of fact but found that the note sued on by the plaintiff was barred by the statute of limitations. We are, however, favored with the remarks of the court which have been heretofore set out in this opinion. In these remarks the trial judge made a statement that he should have sustained the objection of the appellee to the testimony of Mr. Van Allen with Ed Steinmetz. There was some colloquy between the court and counsel at that point, whereupon the court said "Notwithstanding that I am satisfied that there is no sufficient showing here that there was ever any payment made on this note, and that

if there were any payments made, between the two, that it was the intention of either of them that it should apply on the note." We have concluded that regardless of the correctness of the court's ruling as to whether the objection to these two depositions should have been sustained because they concerned transactions that the witness had with a person, since deceased, the court was not required to make a finding other than was made. We are fortified in this conclusion somewhat by the fact that when the first claim on this note was filed it was signed by Verna Steinmetz and verified by LaVern Van Allen and did not speak of any offsets at all or payments thereon and made the positive statement that there were no offsets. The trial court was warranted in considering the circumstances as well as the fact that the claim was for $8,306.92, which is at least as much as the note would amount to without any offsets, and that both witnesses who testified for claimant were interested either directly or indirectly in having the claim allowed.

The trial court is not required to find the facts in accordance with the oral testimony. It was the court's duty to weigh all the surrounding facts and circumstances. (See *Swartz v. Levin,* 108 Kan. 224, 194 Pac. 646, and *Fenn v. Kansas Gas & Electric Co.,* 118 Kan. 131, 234 Pac. 77.) The conclusion we have reached requires that the judgment be affirmed.

In her brief in this court appellant makes a strong argument, first, that these two depositions should have been admitted at first because they do not come under the inhibition in the statute, G. S. 1935, 60-2804, which provides—

"No person shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person, . . ."

And second, because no objecion was made to the use of these depositions before the trial. In that connection appellant relies on G. S. 1935, 60-2847, which provides—

"No exception other than for incompetency or irrelevancy shall be regarded, unless made and filed before the commencement of the trial."

We find it unnecessary to decide those two questions in view of the conclusion we have reached as to the trial court's findings of fact. Furthermore, the objections sustained by the court were for incompetency and irrelevancy.

Appellant also argues that the letter to which reference has been made constituted acknowledgment in writing of the debt. We have

heretofore set this letter out in this opinion. Upon examination of it we find that this letter made no reference to the note. It is nothing more than a statement of Steinmetz, that he was sending his mother money to keep her in her old age.

The judgment of the trial court is affirmed.