No. 42,139

MARTHA L. STAMBAUGH, *Appellant,* v. MOSES SILVERHEELS, et al., *Appellees.*

(360 P. 2d 1078)

Opinion filed April 8, 1961.

*W. C. Jones*, of Olathe, argued the cause, and *Howard T. Payne* and *Howard E. Payne*, both of Olathe, were with him on the briefs for the appellant.

*Stuart D. Mitchelson*, of Mission, argued the cause, and *A. J. Pflumm*, of Mission, was with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the judgment of the trial court quieting title to real property in plaintiff and the four children who answered and filed cross-petitions, from orders overruling demurrers of plaintiff, and the order overruling plaintiff's motion for new trial.

On April 30, 1950, Alice Stambaugh, who was sole owner in her own right of the land in question, died intestate leaving an undivided one half interest to her surviving husband, Frank Edward Stambaugh (hereafter referred to as F. E.) and an undivided one eighth interest to each of their children: Cecil, Wanda, Elsie, and Frank.

After Alice's death F. E. married Myrtle and on April 14, 1951, the four children, together with their respective spouses, conveyed their interests to F. E. and he then owned the entire fee simple title. On this last point the children testified they received no consideration from F. E. for the deeds. They had executed them to make it possible for him to obtain a loan.

On February 25, 1953, F. E. and Myrtle by warranty deed conveyed the land to L. T. Wendleton, and February 27, 1953, Wendleton contracted to sell the land to Wanda, one of the answering defendants in the court below, and her husband for $4,400 payable in monthly installments. The contract was not assignable. About this same time F. E. and Myrtle were divorced.

On September 22, 1955, F. E. married Martha who was his wife at the time of his death on August 28, 1958. They were in possession of the land. Martha had paid taxes and made extensive improvements on the land. After F. E. was buried, the four children told Martha they could not stand to see her live in the property and they were going to sell it. She told them of an unrecorded warranty deed executed by Mr. Wendleton to F. E. and her in joint tenancy when F. E. had paid back the $4,000 loan. Martha thereby claimed to be the sole and separate owner of the property.

Wendleton testified that F. E. had approached him for a loan and he had loaned him $4,000. F. E. then deeded the property to Wendleton and when F. E. repaid the loan he deeded it back.

Wendleton held F. E. and Myrtle's deed only as security for the loan and in deeding the property back, his only intention was to release his lien thereon.

The trial court overruled demurrers in plaintiff's replies and the demurrer to defendants' evidence. It was held that the children conveyed to F. E. with no consideration therefor in order that he could use the property for security in obtaining a loan. F. E. owned the property on February 25, 1953, when he and Myrtle conveyed it to Wendleton by warranty deed as security for a $4,000 loan. This was only a mortgage and Wendleton acquired only a lien on the property. The trial court further held that when on May 10, 1957, F. E. paid the loan, Wendleton, in order to release the security, gave a warranty deed to F. E. and Martha, in joint tenancy, which was not recorded until after F. E.'s death. The deed conveyed only a lien as security for the loan.

The trial court finally held that on August 27, 1958, F. E. died intestate leaving Martha, his widow, an undivided one half interest in the real estate in question; and an undivided one eighth interest to each of his four children: Cecil, Wanda, Elsie, and Frank. The title was so quieted in the five named persons.

Plaintiff appeals assigning six specifications of error which were consolidated and argued as three questions:

1. Did the trial court err in holding the deed to Wendleton was in fact a mortgage, and that Wendleton acquired no interest in the real property, so that the joint tenancy deed from Wendleton to appellant and her husband conveyed no interest in the property?

2. Did the trial court err in overruling appellant's demurrer to the evidence?

3. Did the trial court err in overruling appellant's demurrer set forth in her reply to the appellees' cross-petition?

Plaintiff claims the deed from F. E. and Myrtle to Wendleton gave him fee simple title to the real property and that Wendleton's unrecorded warranty deed to F. E. and plaintiff in joint tenancy now places fee simple title to the real property in plaintiff.

On the other hand, defendants, the four children of F. E. and Alice, who originally had been sole owner of the real property, testified they and their respective spouses transferred their one eighth interests to F. E. so he could mortgage the real property. They had done this to keep F. E. from losing that for which he had worked so long. No consideration ever passed from F. E. to any of the grantors. In keeping with the purpose of the transfers from the

defendants to F. E., a loan of $4,000 was made and F. E. and Myrtle executed the deed to Wendleton, which deed, according to all of the defendants who testified, conveyed no title but was only security for the loan. This theory was further supported by the contract between Wendleton and defendant Wanda A. (Stambaugh) Van Lerberg and husband. However, defendants admitted that the Van Lerbergs made no payments thereunder. They finally contend that all Wendleton obtained was a lien as security for the loan he made to F. E. When the loan was paid he released his lien by the warranty deed in joint tenancy. According to Wendleton's own testimony, he obtained the lien as security for his loan to F. E. and Myrtle when they executed their deed to him. Thus, F. E. and plaintiff remained trustees of the one half interest of defendants which defendants still owned.

Plaintiff cites *Central National Bank v. Henderson,* 142 Kan. 754, 51 P. 2d 982, where in the syllabus it was stated:

"In an action involving the question of whether a deed was a conveyance of property, or under the facts should be construed as a mortgage to secure a debt, the record is examined, and it is held the court's finding that there was no debt and that the deed was a conveyance of title is sustained."

The above rule not only does not sustain plaintiff's theory but as defendants claim with respect to the cited case, it lends support to defendants' theory. The opinion discusses the proposition in some detail as follows:

"Normally, written instruments, intelligently executed by parties, are construed according to their terms. However, since the consideration for a deed may always be shown, if the evidence develops that there was a debt and that the deed was given to secure it, the deed will be construed to be a mortgage. (*Dusenbery v. Bidwell,* 86 Kan. 666, 671, 121 Pac. 1098.) While this showing may be by parol evidence, such evidence must be of a character to be clear and convincing. (*Hoyt v. National Bank,* 115 Kan. 167, 222 Pac. 127.) It is fundamental that an instrument in the form of a deed cannot be construed to be a mortgage to secure a debt unless the debt is found to exist. (*Holuba v. Floersch,* ante, p. 601, 50 P. 2d 1004.) So the question really gets back to the evidence in support of the contention that there was a debt, and whether the parties so understood and agreed, and whether by the execution of the instrument in the form of a deed they intended it should be used only as security for the debt. The special clause written in this deed perhaps had no effect other than its bearing on the intention of the parties. Since the court found there was no debt existing from defendants to plaintiff, and there is evidence to sustain this finding, it correctly concluded the deed was a conveyance of title and not a mortgage to secure a debt." (pp. 757, 758.)

See, also, *Kansas State Bank v. Wheeler·Kelly Hagny Trust Co.*, 145 Kan. 325, 327, 65 P. 2d 299; *Marshall v. Bailey*, 183 Kan. 310, 314, 327 P. 2d 1034.

Another case discussed by both parties is *Jones v. Jones*, 161 Kan. 284, 167 P. 2d 634, where it was stated:

"An agreement that an instrument in form an absolute deed was executed and delivered only as security for the payment of a debt owing by the grantor to the grantee is not within the statute of frauds and such agreement may be proved by parol testimony.

"The character of the instrument as a mortgage having been established, upon payment of the debt, the debtor was entitled as a matter of law to have the mortgaged real estate reconveyed to him.

"The fact that an instrument in form an absolute deed was in reality only a mortgage, must be proved by a clear preponderance of the evidence, but that rule is for the guidance of the trial court, and on appeal the appellate court assumes the trial court knew and applied that rule." (Syl. ¶¶ 1, 2, & 3.)

The trial court in the Jones case found the deed in question was a mortgage and this court affirmed on evidence much weaker than is the evidence on the same finding in our present case.

Similar to this court's decision in *Central National Bank v. Henderson*, supra, p. 758, we are compelled to state that since the trial court found a debt existed from F. E. and Myrtle to Wendleton, and there is evidence to sustain this finding, the conclusion that the deed was merely executed as a mortgage to secure the debt of $4,000 and was not a conveyance of title was correct.

The trial court properly quieted title in the following five named persons: Martha L. Stambaugh, the widow; and Cecil E. Stambaugh, Wanda Stambaugh Van Lerberg, Elsie Stambaugh Ross, and Frank E. Stambaugh, children of decedent. We have not overlooked other points raised and authorities cited, but think detailed discussion of them will add nothing material to this opinion.

Judgment affirmed.